■ GRAMATAN COMPANY, INCORPORATED OF BRONXVILLE, Appellant, v. GORDON R. JONES et al., Respondents. — Per Curiam. Plaintiff, a licensed finance company, appeals from an order of the Supreme Court at Special Term

which denied its motion for summary judgment. The action was instituted to recover the unpaid balance of a promissory note made by defendants and an additional sum representing attorneys' fees in accordance with its terms. The facts are not in dispute. The transaction which gave rise to the execution of the note was the furnishing of services for the improvement of defendants' real property situate in the Town of East Greenbush, Rensselaer County, under a written agreement with Dura-Bilt Corporation, the stipulated price of which was $1,425. Defendants and the corporation, concomitantly with the execution of the contract, executed a retail installment obligation which described the services to be furnished, stated their selling price, segregated a credit service charge in the amount of $502.80 and provided for the payment of the total time balance of $1,927.80 in equal successive monthly installments of $32.13. Upon completion of the required work defendants gave to the contractor the promissory note sued on for the same amount payable in like installments and as collateral security for its payment executed and delivered to it a mortgage on the real property improved. The note was purchased by plaintiff and the mortgage assigned to it on the day of their date. Before default defendants had made 14 monthly payments due under the obligation. Defendants' resistance to the motion was bottomed upon legal arguments that the note carried a usurious rate of interest, that the retail installment obligation failed to contain the entire agreement of the parties as required by subdivision 2 of section 402 of the Personal Property Law (Retail Instalment Sales Act) in that it omitted the provision of the contract which required the contractor to reinforce a sagging beam in the cellar of their home and that they did not receive executed copies of the mortgage and assignment (§ 405). The act permits the collection of a service charge for credit at the rate of 10% computed yearly on the principal balance of the obligation — i.e., the cash sale price of the services (Personal Property Law, § 401, subd. 13) — where such does not exceed the sum of $500 and if the principal balance exceeds that amount, at the rate of 8% on the excess over $500. (§ 404, subd. 1, pars. [a], [b].) The charge made here clearly falls within the maximum rates permitted. Since defendants had received the services contracted for, the only penalty consequent upon plaintiff's failure to comply with the provisions of the statute (§ 402, subd. 2; § 405) is provided by subdivision 2 of section 414 of the act for the recovery of which no claim was made. In the state of the record the motion should have been granted. This result renders moot plaintiff's appeal from the order of preclusion. Order reversed, on the law and the facts, motion for summary judgment granted and the matter remitted to Special Term for the purpose of making and entering an appropriate judgment in plaintiff's favor and for further proceedings not inconsistent herewith, without costs. Appeal from the order of preclusion dismissed, without costs. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.