Harry Edelstein, J.
In this consumer credit transaction, the plaintiff moves for summary judgment against the defendant Carolyn Monahan ("defendant” herein) in order to recover $444.64 in credit card charges, together with interest thereon, and $88.92 in attorney’s fees, plus costs and disbursements.[1]
In civil actions, attorney’s fees are incidents of litigation. Absent statutory authority or contractual obligation, attorney’s fees are not recoverable. (Weidman v Tomaselli, 81 Misc *809 2d 328, 329.) The plaintiff admits that there is no retail installment credit agreement between the plaintiff and the defendant. Therefore, attorney’s fees are not recoverable herein.
The failure of the parties to execute a retail installment credit agreement, required by section 413 of the Personal Property Law,[2] does not preclude granting summary judgment, if warranted, in favor of the plaintiff. (Gramatan Co., of Bronxville v Jones, 23 AD2d 940.) Lack of a retail installment credit agreement gives rise to certain penalties, not inclusive of vitiation of the buyer’s obligation to pay for the goods, services and cash advances obtained through use of the credit card. (Personal Property Law, § 414, subd 2.) Correction by the holder of the failure to comply with a provision of article 10 of the Personal Property Law within 10 days of written notification from the buyer (which notification is not alleged in the case at bar) obviates any section 414 penalty. (Personal Property Law, § 414, subd 3; cf. Personal Property Law, § 414, subds 4, 5.)
The plaintiff alleges that there appeared on the reverse of the credit card in question a certain text. The text is not a retail installment credit agreement, and does not bind the defendant, because the requirements of section 413 of the Personal Property Law are not met thereby. Apparent authority to the contrary in Texaco Law v Goldstein (34 Misc 2d 751, affd without opn, 39 Misc 2d 552) is not persuasive in light of the statute. In its construction or application of a clear statute, a court may neither read in nor read out any provision or requirement. (Matter of State Bank of Binghamton, 152 Misc 579, 587.)
Absent a retail installment credit agreement, issuance of the credit card constitutes an offer of credit, and use of the credit card constitutes the acceptance of the offer of credit. The plaintiff submits documentary proof, in the form of vouchers signed by the defendant, of use of the credit card by the defendant. The defendant admits that goods, services, and cash advances were obtained by her through use of the credit card, but alleges that she obtained the cash advances as agent for her husband, and that the goods and services were pur *810 chased as necessaries.[3] Thus, the sole issue before the court is the validity of the defendant’s defenses of agency and of necessaries.
The defense of agency requires disclosure by the agent that he is acting on behalf of a principal, or the one with whom the third party deals may suppose the agent to be the principal. (Baltzen v Nicolay, 53 NY 467; 2 Willison, Contracts [3d ed], § 284.) Neither marriage nor cohabitation, of itself, makes a woman an agent of the man. (Wanamaker v Weaver, 176 NY 75, 80.) The defense of necessaries arises from the marriage relationship (Garlock v Garlock, 279 NY 337, 340) and from a husband’s failure to support his wife. (Keller v Phillips, 39 NY 351.) Though the status of women in American society changed and is changing, and the concept of necessaries is questionable, it is for the Court of Appeals to review this well-established doctrine.
In relation to agency and to necessaries, the court questions whether there was sufficient communication by the defendant to those with whom she dealt of the alleged fact of her agency or of the alleged fact that her purchases were necessaries. The older cases are divided as to the circumstances under which a woman must make disclosure and those under which a merchant must make inquiry. (See, for example, Blowers v Sturtevant, 4 Denio 46; Keller v Phillips, supra; People v Pettit, 74 NY 320; Wanamaker v Weaver, supra.) In contemporary American society, the status of women requires, for each defense, that there be actual disclosure of the agency or that the purchase is for necessaries. The legal equality[4] of men and women, set forth in many statutes, both State and United States, is grounded on the reality of the increasing social parity between the sexes. It is not possible for a merchant of goods, or an offerer of services, or a lender to know or to assume that a woman’s money or credit arises from any agency or from her marriage, and the social climate precludes such inquiry. Indeed, use of the neologism "Ms.” as a form of polite address makes even a woman’s marital status impossible to determine.
*811 Therefore, it is necessary for the court to determine the fact, if it be such, of the nature and extent of the notification, if any, by the defendant of her agency or of her purchase of necessaries to each merchant with whom she dealt. These issues of fact preclude the granting of summary judgment. (CPLR 3212, subd [b]; Esteve v Abad, 271 App Div 725.)
Accordingly, the plaintiffs motion for summary judgment is denied.

. The plaintiff was granted a default judgment against the defendant Richard T. Monahan on February 10, 1975.

. "The Retail Instalment Sales Act covers three major areas: (1) time sale price transactions, with or without a lien instrument; (2) revolving credit plans; (3) add-on provisions of time sale price transactions.” Memorandum of State Banking Departments, [1957] McKinney’s Session Laws of New York, 2113, 2116.

. The defendant admits that $93.22 of the goods and services charged by her were for her personal use. However, summary judgment is not entered thereon in favor of the plaintiff because the allocation of repayments made heretofore, if any, is not before the court.

. The trend to equality is identified by the slogan of "women’s 'liberation’ ”. Though the term "liberation” has propagandists value, it is clear from an objective viewpoint that equality is intended.