■ AETNA CASUALTY & SURETY CO., Respondent, v GEORGE W. GLASS, Appellant.—Judgment, Supreme Court, New York County, entered May 15, 1979, in favor of plaintiff in the sum of $18,725.10, unanimously modified, on the law and the facts to reduce the judgment to the sum of $1,660 with interest from the date of trial and without costs, and otherwise affirmed. In this action to recover the value of solder converted from plaintiff's assignor, New York Telephone Company, by defendant, an employee of the New York Telephone Company, the proof was sufficient to establish that defendant had misappropriated and converted a quantity of telephone company solder. In his own statement he admitted: "I estimate I stole about 400 pigs of solder." The judgment appealed from is premised upon a finding that defendant stole 4,561 pigs for a total value of $18,725.10. However, the evidence was insufficient to establish that defendant stole and converted any solder in excess of the 400 pigs he admitted taking. The excess, over 400 pigs, that was found, was based upon an audit made of accounting records and estimates which were insufficient to support the finding made. The original records were not produced; they were apparently not in existence. In order to establish a cause of action for conversion it must be proven by a fair preponderance of the credible evidence that (1) plaintiff had legal ownership or an immediate superior right of possession to specific identifiable personal property, and (2) defendant exercised unauthorized dominion over the property to the exclusion of the plaintiff's rights (Independence Discount Corp. v Bressner, 47 AD2d 756; AMF Inc. v Algo Distrs., 48 AD2d 352). The fact that defendant admitted taking approximately 400 pigs is an insufficient basis, in and of itself, on which to found an inference that he converted an additional quantity. The telephone company kept no inventory records of the quantity of solder on its job sites or of the quantity actually used. Plaintiff's proof consisted of an estimate that at the two garages involved the amount of solder ordered was in excess of normal needs and that defendant was assigned as a foreman to the two locations during the period of this excessive use of solder. However, there was no evidence whatsoever to show what the actual needs were at either location or even the basis for determining normal needs. There was testimony that the weather might affect the determination as to whether the quantity used was normal or abnormal. It was undisputed that defendant's assignments in part related to emergency repairs which might entail the use of greater quantities than were otherwise normal. The records introduced by plaintiff consisted of ad hoc recorded estimates unsupported by anything other than conjecture or speculation. Moreover, there was evidence that the telephone company had caused another employee to be arrested for stealing solder at approximately the same time and same locations. The testimony also indicated that persons other than the defendant ordered solder. There was no proof that only the defendant could order the solder and no proof other than his admission as to the quantity converted. In short, except for the 400 pigs of solder which defendant admitted converting, there was no satisfactory proof sufficient to meet plaintiff's burden of establishing by a fair preponderance of the credible evidence that defendant had converted more than 400 pigs of solder. The testimony as to value came from a general supervising accountant of the telephone company who testified that the cost of the solder to the telephone company during the period in question ranged from $4 to $4.15 per pig. No records existed or were introduced to support this figure other than a quote from Western Electric over the telephone. At best for the plaintiff the proof was sufficient to establish that defendant converted 400 pigs of solder at $4.15 per pig, for a total of $1,660. Accord-

ingly, we have modified the judgment to that effect and directed, as did the trial court, that interest be paid from the date of trial. Settle order. Concur —Fein, J. P., Sandler, Sullivan and Bloom, JJ.