■ ˙ In the Matter of SAMUEL LEMKIN, for Reinstatement as an Attorney and Counselor at Law in the State of New York.—Motion for reinstatement denied. Concur—Murphy, P. J., Kupferman, Sandler, Markewich and Lupiano, JJ.

■ In the Matter of DARRYL W.—Motion for reargument or resettlement granted insofar as to resettle the recital portion of the order of this court entered on June 12, 1980. Resettled order signed and filed. Concur—Kupferman, J. P., Birns, Markewich and Yesawich, JJ.

■ BRUCE GREENE, an Infant, by His Mother and Natural Guardian, FANNIE GREENE, et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Defendant and Third-Party Plaintiff, and METALOC CORPORATION, Third-Party Defendant-Appellant.—Motion for reargument granted and upon reargument: (1) the notice of appeal is deemed timely filed, the record on appeal amended accordingly, and (2) the order of this court entered on May 29, 1980 is vacated and resettled, the original memorandum decision recalled and the following memorandum decision substituted therefor: Motion for reargument granted, our order entered May 29, 1980 vacated, and the memorandum decision (75 AD2d 786) filed therewith recalled. It having appeared from the record we considered that third-party plaintiff-appellant had not filed a notice of appeal from the decision below, we denied relief to that party. We are now satisfied from the exhibit presented on this motion that the notice was filed and, in the exercise of discretion, we deem the record amended accordingly. The third-party plaintiff-appellant is entitled to the same relief accorded to third-party defendant-appellant. The following memorandum opinion is therefore substituted for the earlier one, to be republished. Order, Supreme Court, New York County, entered November 1, 1979, reversed, in the exercise of discretion, and the motion of defendant and third-party plaintiff New York City Housing Authority, joined in by third-party defendant-appellant Metaloc Corporation, for an order permitting the defendant and third-party plaintiff and third-party defendant-appellant each to file a jury demand nunc pro tunc granted, with one bill of costs to be paid by plaintiff-respondent to the third-party appellant. Final joinder of issue as to all parties having been completed, and a note of issue with jury demand served by plaintiff on June 8, 1979, the housing authority served a jury demand on all other parties on July 2, 1979, which was voided as untimely by the clerk of Supreme Court. Neither third party, unadvised of the clerk's action, did anything to correct the defect and, the case came on in course for a pretrial conference with the court. At the conference, the third parties learned for the first time of the clerk's rejection of the jury demand. They obviously had a right to rely on the jury demand served by plaintiff, and there seemed no reason to serve another. Judicial economy would seem to require that the entire case be tried at one time. A motion was made forthwith by order to show cause to grant the necessary relief, and denied by the court as untimely, although no real prejudice could have resulted to any party for all were ready for trial. The application should have been granted. (See CPLR 4102, subd [e].) Concur—Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.

■ In the Matter of JOHN F. ANDREUZZI, for Reinstatement as an Attorney and Counselor at Law in the State of New York.—Motion for reinstatement denied. Concur—Birns, J. P., Fein, Sullivan, Silverman and Carro, JJ.