■ BRUCE GREENE et al., v NEW YORK CITY HOUSING AUTHORITY et al. — Motion for rehearing and reargument of Motion No. 2390 herein granted to the extent hereinafter set forth, without costs and without disbursements. The appeal herein was decided by memorandum opinion dated May 16, 1980 [75 AD2d 786] (order May 29, 1980), reversing Supreme Court, and granting relief to one movant third party only by way of permission to file a jury demand *nunc pro tunc,* in the mistaken belief that the other third party had not filed a notice of appeal. When the missing notice of appeal was located and called to the court's attention by Motion No. 2390 of June 20, 1980, this court granted reargument and extended the same relief to the other third party by memorandum decision dated June 23, 1980 (order July 3, 1980), vacating the May 29 order, recalling the May 16 decision, and substituting therefor a new memorandum, to be republished. Unfortunately, there were two typographical errors in that memorandum, which, being accepted as correct by plaintiffs-respondents, provided the basis for the instant motion, which seeks to vitiate the jury demands altogether. We grant the motion, without costs, to the extent set forth in the following memorandum opinion, to be republished, at the same time recalling that dated June 23, 1980, and correcting the typographical errors. There is no need, however, to vacate the order of July 3, 1980, based on the decision hereby recalled because the conclusion which we arrived at remains unchanged by our corrections, and the text of that order is to be incorporated by reference thereto in the order to be entered hereon. Order, Supreme Court, New York County, entered November 1, 1979, unanimously reversed, *in the exercise of discretion,* and the motion of defendant and third-party plaintiff New York City Housing Authority, joined in by third-party defendant-appellant Metaloc Corporation, for an order permitting the defendant third-party plaintiff and third-party defendant-appellant each to file a jury demand *nunc pro tunc* granted, with one bill of costs to be paid by plaintiff-respondent to the third-parties appellant. Final joinder of issue as to all parties having been completed, and a note of issue without jury demand served by plaintiff on June 8, 1979, the housing authority served a jury demand on all other parties on July 2, 1979, which was voided as untimely by the Clerk of Supreme Court. Neither third party, unadvised of the clerk's action, did anything to correct the defect, and the case came on in course for a pretrial conference with the court. At the conference, the third parties learned for the first time of the clerk's rejection of the jury demand. They obviously had a right to rely on the demand served by third-party plaintiff, and there seemed no reason to serve another. Judicial economy would seem to require that the entire case be tried at one time. A motion was made forthwith by order to show cause to grant the necessary relief, and denied by the court as untimely, although no real prejudice could have resulted to any party for all were ready for trial. The application should have been granted. (See CPLR 4102, subd [e].) Concur — Birns, J. P., Fein, Sullivan, Markewich and Lupiano, JJ.

(Republished)

■ ADRENNE A. ROTHSTEIN, as Guardian ad Litem for JOSHUA A. ROTHSTEIN, Respondent-Appellant, v ALAN R. DAVIDSON, Appellant-Respondent. — Judgment, Supreme Court, New York County, entered on February 15, 1980, unanimously affirmed, without costs and without disbursements. The order of this court entered on October 30, 1980 is vacated. No opinion. Concur — Kupferman, J. P., Sandler, Markewich, Bloom and Yesawich, JJ.