■ MORTON H. FEDER, Appellant, v FORTUNOFF, INC., et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for conversion and prima facie tort, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered May 22, 1984, which, *inter alia,* dismissed his complaint.

Judgment affirmed, with one bill of costs.

Plaintiff, an attorney, brought this action to recover damages for conversion and prima facie tort after a store cashier employed by defendant Fortunoff, Inc. refused to return plaintiff's Master Card credit card which plaintiff had tendered for the purpose of purchasing merchandise. The credit card had been issued to plaintiff by defendant Citicorp Credit Services, Inc. (CCSI) and was subject to a $1,600 credit limit. At the time of the alleged conversion, plaintiff's card number appeared on a restricted card list because the charges against plaintiff's account exceeded the credit limit. Plaintiff's card was retained by Fortunoff, Inc., pursuant to instructions from CCSI and the Chase Manhattan Bank, which is Fortunoff, Inc.'s commercial bank.

Special Term dismissed plaintiff's complaint in its entirety and we affirm.

The issuance of a credit card constitutes an offer of credit which may be withdrawn by the offeror at any time prior to acceptance of the offer through use of the card by the holder *(see, Empire Natl. Bank v Monahan,* 82 Misc 2d 808). Once CCSI revoked plaintiff's credit privileges, it, not plaintiff, had a superior right to possession of the card which represented those privileges and Fortunoff, Inc., as the agent of CCSI, properly retained the card *(see, Aetna Cas. & Sur. Co. v Glass,* 75 AD2d 786).

Even had plaintiff demonstrated a viable action for conversion, his damages would only have been nominal. Plaintiff would not be entitled to recover punitive damages because there is no evidence that defendants acted with malice or in reckless or willful disregard of plaintiff's rights *(see, Luxonomy Cars v Citibank,* 65 AD2d 549; *Ashare v Mirkin, Barre, Saltzstein & Gordon,* 106 Misc 2d 866). Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur. [123 Misc 2d 857.]