In the Matter of the Arbitration between FIA CARD SERVICES, N.A., Formerly Known as MBNA AMERICA BANK, N.A., Appellant, and JENNIFER POLLEY, Respondent. [890 NYS2d 859]—

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award that directed respondent to pay petitioner $14,926.28 for an outstanding credit card balance. Supreme Court erred in dismissing the petition and instead should have granted the petition and confirmed the award. Pursuant to CPLR 7510, "[t]he court *shall* confirm an award upon application of a party made within one year after its delivery to [it], unless the award is vacated or modified upon a ground specified in section 7511" (emphasis added). Contrary to respondent's contention, petitioner "established that a binding written agreement to arbitrate was in effect between the parties" (*Matter of Fodor v MBNA Am. Bank, N.A.*, 34 AD3d 473, 474 [2006]). The record establishes that petitioner sent the credit card agreement containing the arbitration provision to respondent, and we conclude that the use by respondent of the credit card constituted her consent to comply with the agreement (*see Tsadilas v Providian Natl. Bank*, 13 AD3d 190 [2004], *lv denied* 5 NY3d 702 [2005]; *Feder v Fortunoff, Inc.*, 114 AD2d 399 [1985]). "Because there is no basis in [the] record to vacate or modify the arbitrator's award, it must be confirmed" (*Matter of New York Cent. Mut. Fire Ins. Co. v State Farm Ins. Cos.*, 234 AD2d 995, 995 [1996]). Present—Centra, J.P., Peradotto, Green and Pine, JJ.