■ Velocity Investments, LLC, Respondent, v Eve Marie Cocina, Appellant. [909 NYS2d 853]—

Appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered December 7, 2009. The judgment granted the motion of plaintiff for summary judgment on the complaint and dismissed defendant's counterclaims.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by denying the motion and reinstating the counterclaims and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action for breach of contract and account stated seeking to recover the balance due on a credit card issued to defendant by First Consumers National Bank, which assigned the debt to a third party that, in turn, assigned it to plaintiff. Plaintiff moved for summary judgment on the cause of action for an account stated and to dismiss the counterclaims alleging violations of the Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*) and General Business Law § 349. Defendant cross-moved for summary judgment dismissing the complaint and for leave to file an application for attorney's fees pursuant to General Obligations Law § 5-327. We agree with defendant that Supreme Court erred in granting the motion inasmuch as plaintiff failed to submit nonhearsay evidence to support the cause of action for an account stated. We therefore modify the judgment accordingly. Although plaintiff submitted copies of credit card statements allegedly sent to defendant, who failed to pay or to object to them, plaintiff failed to lay a proper foundation for the admission of those documents as business records pursuant to CPLR 4518 (a) (*see West Val. Fire Dist. No. 1 v Village of Springville*, 294 AD2d 949 [2002]), which was the only basis proffered by plaintiff for their admissibility.

Contrary to the further contention of defendant, however, the court properly denied that part of the cross motion seeking leave to file an application for attorney's fees pursuant to General Obligations Law § 5-327 (2). Defendant raises no issue on appeal concerning the court's denial of that part of her cross motion for summary judgment dismissing the complaint, and

she therefore has abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). Thus, inasmuch as the action has not yet been finally determined in her favor, it cannot yet be said that defendant has been "successful [in the] defense" of this action (General Obligations Law § 5-327 [2]). Present—Martoche, J.P., Centra, Carni, Lindley and Green, JJ.