*806 OPINION OF THE COURT
Michael A. Ciaffa, J.
Supplemental Decision Allowing Defendant to Withdraw
Consent to Settlement
The adversary system works fairly well in civil cases where the parties are each represented by counsel. It works less well when one side has an attorney and the other appears pro se.
In consumer debt matters, in particular, the defendant rarely has the benefit of a lawyer’s help. This is not surprising. Persons who are being sued for an alleged indebtedness typically are individuals with multiple financial problems. Regardless of whether they legitimately owe the alleged debt, or not, most cannot afford to hire a lawyer. As a consequence, those who appear must typically do so, pro se.
A defendant’s pro se status often makes the court’s role more difficult. On the one hand, to quote Chief Justice Roberts, judges act as umpires; their job is “to call balls and strikes and not to pitch or bat.” On the other hand, judges have peculiar responsibilities in cases involving pro se litigants. They include, in many cases, supervision of the settlement process, both in and out of court. If it appears that a party with counsel has taken “undue advantage” over an uncounseled litigant, judges have the power and duty to make appropriate inquiries of the parties, and in appropriate cases, allow the defendant to withdraw from a proposed settlement.
In this assigned debt matter, precisely such a situation was presented. Plaintiffs counsel submitted a proposed “stipulation of payment” purporting to settle the action shortly in advance of a scheduled trial. At a conference respecting the proposed settlement that was held, at the court’s request, on December 3, 2010, defendant advised the court that she has been “intimidated” into signing the stipulation. The court determined that defendant should be allowed to withdraw her consent to the settlement. This decision explains at some length the legal basis for that determination.
The principles applied by the court can be traced back to ancient common law. (See e.g. Becker v Lamont, 13 How Prac 23 [Sup Ct, NY County 1855].) Well before the Civil War, our courts were granting relief from settlements “made in ignorance of material circumstances affecting the case.” (Id. at 26.) So, too, our state courts’ judges have long recognized “the common *807 principle” that they are empowered to “protect those who are unable to protect themselves” against adversaries who might take “undue advantage” of them. (Id.)
Tested by time, experience, and the wisdom of ages, these common-law rules still live today. Circumstances may have changed over time, but the principles remain the same. In more recent years our state’s appellate courts have noted “many times” that relief from a stipulation may be granted if enforcement “would be unjust or inequitable or [would] permit the other party to gain an unconscionable advantage.” (Weitz v Murphy, 241 AD2d 547, 548 [2d Dept 1997].) “[A]lmost any given state of facts” may justify such relief. (Id.)
Of course, the court’s power to relieve a party from the terms of a stipulation requires “a showing of good cause.” (Matter of Frutiger, 29 NY2d 143, 149-150 [1971].) However, “good cause” may be found even in the absence of proof of “fraud, collusion, mistake, accident, or some other ground of the same nature.” (Id. at 150.) As the Court of Appeals made plain in Frutiger, “[i]t is sufficient if it appears that either party has inadvertently, inadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice.” (Id., quoting Van Nuys v Fitsworth, 10 NYS 507, 508 [1890].)
Furthermore, in cases where the parties “can be restored to substantially their former position,” the courts “as a general rule” should exercise such power “if it appears that the stipulation was entered into unadvisedly or that it would be inequitable to hold the parties to it.” (Matter of Frutiger at 150, quoting Magnolia Metal Co. v Pound, 60 App Div 318, 320 [1st Dept 1901].) Through such judicial oversight, the court properly exercises its control over the proceedings “with a view to a final disposition . . . [on the] merits.” (Van Nuys v Fitsworth, 10 NYS at 508.)
The circumstances at hand presented a classic case for granting such judicial relief. The defendant, in this case, ignorant of her rights, signed an imprudent settlement, agreeing to pay plaintiff, a debt buyer, monthly sums otherwise needed for food and rent. The settlement agreement obligated her to make payments to plaintiff, monthly, for more than four years. Although settlements like this often benefit both debtors and creditors, the defendant told the court, in no uncertain terms, that she had been “intimidated” into the signing of the settlement, and *808 that plaintiff had convinced her that she had no choice but to capitulate to plaintiffs demands.
Under the circumstances presented, it was painfully obvious to the court that plaintiff obtained the settlement outside of court by taking undue advantage of defendant. The judges of this court, and the lawyers practicing before them, know all too well that debt buyers rarely have readily available proof to establish an assigned debt claim. The pennies paid by debt buyers for the right to pursue stale and questionable claims certainly do not justify misleading and heavy-handed collection tactics outside of court. When such matters actually come on for trial, they are typically abandoned, dismissed or compromised for a small fraction of their hypothetical value.
Equally important, when the court scheduled a conference to address the proposed settlement, plaintiffs counsel was told that it should send an attorney with “complete knowledge of the file.” Nevertheless, the attorney appearing for plaintiff was unable to provide the court with proof of the alleged assignment, proof of notice of the assignment, or proof of the underlying debt. The absence of such proof weighs heavily in favor of allowing defendant to withdraw her consent to the settlement. Allowing her to do so has the effect of restoring the case to the status quo ante, through which plaintiff may, if able to do so, pursue its claim on the merits, while protecting the rights of a pro se defendant to insist upon competent proof before a court can issue judgment upon the claimed indebtedness.
For these reasons, as the court previously determined in open court, and as it reiterates in this decision, this case shall proceed to trial on January 27, 2011. In the absence of a new, mutually agreeable settlement, the claims of plaintiff, pursuant to its alleged status as the assignee of a debt owed by defendant, shall be heard on the merits.