OPINION OF THE COURT
Fred J. Hirsh, J.
Plaintiff submits an order based upon an “Affidavit and Stipulation” that would vacate a default judgment entered against defendant on May 1, 2007, permit the plaintiff to re-serve the summons and complaint upon the defendant by certified mail, return receipt requested and first-class mail within 120 days of *310 the order, deem the action commenced on the date the summons and complaint were filed with the clerk, grant defendant 45 days from the date of service in which to serve and file an answer and grant plaintiff leave to reenter the default judgment should defendant fail to serve and file an answer.
In reality, this application raises questions about the basic integrity of the judicial process.
Background
A. Velocity Investments, LLC v Brian McCaffrey
The complaint alleges Discover Card (Discover) issued a credit card to Brian McCaffrey. McCaffrey used the card and defaulted in payment as of August 31, 2002.
The complaint further alleges Discover assigned its right, title and interest in McCaffrey’s account to Velocity Investments, LLC (Velocity).
Velocity sued to recover the amount due on the credit card as of McCaffrey’s default in breach of contract and account stated.
Velocity commenced this action on January 11, 2007 by filing the summons and complaint with the clerk of the court. (Uniform Dist Ct Act § 400 [1].)
Service was made upon McCaffrey pursuant to CPLR 308 (4) by a process server from American Legal Process (ALP). The affidavit of service states after attempts were made to serve Mc-Caffrey on February 2, 2007 at 7:42 p.m. and February 3, 2007 at 7:20 a.m. a copy of the summons and complaint was affixed to the entrance door of premises described as McCaffrey’s place of residence on February 7, 2007 at 1:02 p.m. A copy of the summons and complaint was mailed to McCaffrey at the address at which the affixing was done on March 5, 2007. The affidavit of service was filed with the clerk on March 13, 2007.
McCaffrey still resides at the address at which service was purportedly made.
The process server avers he confirmed McCaffrey resided at the address at which service was made and was not in military service by speaking with a neighbor.
McCaffrey did not appear in the action. As a result, Velocity entered a default judgment against McCaffrey for the amount sued for in the complaint on May 1, 2007.
The proof establishing the claim against McCaffrey was the complaint verified by an officer of Velocity. Velocity did not provide the court with any documentary proof establishing that *311 Discover had assigned the debt to Velocity, McCaffrey had been advised the debt had been assigned by Discover to Velocity and/or proof establishing the underlying debt.
Even though the judgment was entered on May 1, 2007, Velocity does not appear to have served a copy of the judgment on McCaffrey. Velocity does not appear to have taken any action to enforce the judgment. The judgment appears to be wholly unsatisfied.
B. Matter of Pfau v Forster & Garbus et al.
Matter of Pfau v Forster & Garbus et al. (Pfau action) was a special proceeding commenced in Supreme Court, Erie County by Ann Pfau, as Chief Administrative Judge of the New York State Unified Court System, against several law firms involved in debt collection that used ALP to make service of process. The Pfau action was the court system’s response to the debt collection sewer service scandal of 2007 and 2008. The Pfau action was based upon allegations process servers used by ALP were making sewer service and preparing and executing false affidavits of service. When the defendants who had not been properly served did not appear, default judgments were entered.
The petition in the Pfau action alleged William Singler, the owner of ALD notarized in excess of 73,000 affidavits of service between January 1, 2007 and October 8, 2008. Many if not most of the affidavits of service were for service made upon the defendants pursuant to CPLR 308 (4) even though the process server had not affixed a copy of the summons and complaint to the door of the defendant’s “actual place of business, dwelling place or usual place of abode” or mailed a copy of the summons and complaint to the defendant at the defendant’s “last known residence or . . . actual place of business” as required by CPLR 308 (4). The petition in the Pfau action further alleged the process servers used by ALP never made any effort to ascertain if the place to which service was being made was any of the statutorily permitted locations or the defendant’s military status.*
A review of the affidavits of service prepared by several process servers used by ALP and notarized by Singler established that several of the process servers had signed affidavits of service averring they had been at two different locations at the *312 same time on the same day. The petition in the Pfau action alleges that the process server who made service in this action had signed affidavits of service swearing he had been in two different locations on the same date at the same time on at least 10 different occasions.
Part of the relief requested in the Pfau action was an order vacating all default judgments entered in cases where service had been made by ALP process servers unless service could be validated without reference to the ALP affidavit of service.
The Pfau action has been settled by consent order. As part of the consent order entered in the Pfau action, the attorneys for the debt collectors were to send a letter to the defendants in actions where service was made pursuant to CPLR 308 (4), and where the judgment had not been satisfied, advising the defendants a default judgment had been entered. The letter was to further advise the defendants that service may not have been properly made. The letter requests the defendants to sign the enclosed “Affidavit and Stipulation,” have their signatures notarized, and return it to the attorney for the creditor.
The “Affidavit and Stipulation” contains a statement that a copy of the summons and complaint was not affixed to the door of defendant’s residence on the date stated in the affidavit of service.
The “Affidavit and Stipulation” then provides for the vacating of the default judgment, permits plaintiff to re-serve the defendant by certified mail, return receipt requested and first-class mail, and grants defendant 45 days from the date of the postmark date on the envelope used for mailing the summons and complaint to the defendant to serve an answer.
If the defendant does not serve and file an answer within the 45-day period, the creditor can again make application for a default judgment.
Paragraph 8 of the “Stipulation and Affidavit” provides that the action was commenced for statute of limitations purposes on the date on which the summons and complaint was filed with the court. The defendant agrees service more than 120 days from the filing of the summons and complaint shall not serve as a basis for dismissal of the action.
McCaffrey has signed the “Affidavit and Stipulation.” Velocity has submitted an order by which the judgment against Mc-Caffrey would be vacated. McCaffrey would consent to service of the summons and complaint by certified and regular mail, *313 within 120 days of the date of the order, would be required to appear and answer within 45 days of the date of the mailing of the summons and complaint and would consent to permit Velocity to reapply for a default judgment if he did not answer.
Discussion
A stipulation is a contract which will be enforced in accordance with its terms. (McKenzie v Vintage Hallmark PLC, 302 AD2d 503, 504 [2d Dept 2003]; Charter Realty & Dev. Corp. v New Roc Assoc., 293 AD2d 438 [2d Dept 2002].) Ordinarily, this court would enforce the stipulation in accordance with its terms.
However, in consumer debt cases, especially those involving assigned debt, where the defendant is not represented by counsel, significantly different issues arise. Velocity offers no evidence McCaffrey was aware an action had been commenced or a judgment had been entered against him until he received the “Affidavit and Stipulation” provided for by the consent order entered in the Pfau action. The defendant also was not advised of the rights he had and procedures available for vacating the judgment if he did not sign the “Affidavit and Stipulation,” the rights he was waiving by signing the “Affidavit and Stipulation” and the consequences of his waiving these rights. (See LR Credit 21 LLC v Paryshkura, 30 Misc 3d 805 [Nassau County Dist Ct 2010].)
Before a default judgment can be entered, the plaintiff must establish proof of service, proof of the claim and proof of default. (Siegel, NY Prac § 295 [4th ed].) Based upon a review of the documents contained in the court file, the court questions whether the judgment should have been entered.
The affidavit of service is insufficient to establish service as a matter of law.
In order to obtain personal jurisdiction over the defendant, service must be made in a statutorily prescribed manner. (Feinstein v Bergner, 48 NY2d 234 [1979]; Krisilas v Mount Sinai Hosp., 63 AD3d 887 [2d Dept 2009]; McMullen v Arnone, 79 AD2d 496 [2d Dept 1981].)
CPLR 308 (4) requires the affixing and the mailing to be done within 20 days of each other. Failure to mail the summons and complaint to the defendant within 20 days of affixing is a jurisdictional defect mandating dismissal. (New York State Higher Educ. Servs. Corp. v Palmeri, 167 AD2d 797 [3d Dept 1990]; Stanley Agency, Inc. v Behind the Bench, Inc., 23 Misc 3d 1107[A], 2009 NY Slip Op 50626[U] [Sup Ct, Kings County 2009].)
*314 The affidavit of service states the affixing was done on February 7, 2007 and the mailing was done on March 5, 2007 which is 26 days after the affixing. Therefore, the affidavit of service is facially defective and insufficient to give this court jurisdiction over McCaffrey.
The court also questions whether service pursuant to CPLR 308 (4) was proper.
Before service can be made pursuant to CPLR 308 (4), the plaintiff must exercise due diligence in attempting to serve the defendant pursuant to CPLR 308 (1) or (2). (Gureje v Richardson, 59 AD3d 494 [2d Dept 2009]; Crystal v Lisnow, 56 AD3d 713 [2d Dept 2008].)
The due diligence requirement of CPLR 308 (4) requires the process server to make an effort to ascertain if the defendant is employed and the location of defendant’s place of employment and if the defendant is employed, to attempt to effectuate service upon the defendant at defendant’s place of employment pursuant to CPLR 308 (1) or (2). (Estate of Waterman v Jones, 46 AD3d 63 [2d Dept 2007]; County of Nassau v Yohannan, 34 AD3d 620 [2d Dept 2006]; Earle v Valente, 302 AD2d 353 [2d Dept 2003]; Moran v Harting, 212 AD2d 517 [2d Dept 1995].) Before service can be made pursuant to CPLR 308 (4), the process server must make a genuine inquiry regarding the defendant’s whereabouts and place of employment. (McSorley v Spear, 50 AD3d 652 [2d Dept 2008].)
If the defendant fails to exercise due diligence before making service pursuant to CPLR 308 (4), service is defective as a matter of law. (Schwarz v Margie, 62 AD3d 780 [2d Dept 2009]; Leviton v Unger, 56 AD3d 731 [2d Dept 2008]; Gurevitch v Goodman, 269 AD2d 355 [2d Dept 2000].)
The affidavit of service does not indicate if the process server made any effort to ascertain if McCaffrey was employed or to serve him at his place of employment pursuant to CPLR 308 (1) or (2) before resorting to service pursuant to CPLR 308 (4).
CPLR 5015 (a) (4) requires the dismissal of an action where the court lacks personal jurisdiction over the defendant. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5015:9.) A motion to vacate a judgment for lack of personal jurisdiction may be made at any time. (Siegel, NY Prac § 430 [4th ed].)
If the court lacked jurisdiction over the defendant, the judgment must be vacated and the action dismissed even if the de *315 fendant does not have a meritorious defense to the action. (Commissioners of State Ins. Fund v Khondoker, 55 AD3d 525 [2d Dept 2008]; Ananda Capital Partners v Stav Elec. Sys. [1994], 301 AD2d 430 [1st Dept 2003]; European Am. Bank & Trust Co. v Serota, 242 AD2d 363 [2d Dept 1997]; Brent-Grand v Megavolt Corp., 97 AD2d 783 [2d Dept 1983]; Mayers v Cadman Towers, 89 AD2d 844 [2d Dept 1982].)
The complaint alleges causes of action for breach of contract and account stated.
The statute of limitations on a cause of action for breach of contract is six years. (CPLR 213 [2].) A cause of action for breach of contract accrues and the statute of limitations begins to run when the breach occurs or when a party to the agreement fails to perform an obligation. (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399 [1993]; Matter of Carranza v Prinz, 240 AD2d 405 [2d Dept 1997].) The complaint alleges the breach occurred on August 31, 2002.
The statute of limitations on an action for account stated is six years. (Erdheim v Gelfman, 303 AD2d 714 [2d Dept 2003]; Hertzberg & Sanchez P.C. v Friendship Dairies Inc., 14 Misc 3d 136[A], 2007 NY Slip Op 50234[U] [App Term, 9th & 10th Jud Dists 2007]; CPLR 213 [2].) The cause of action accrues at the time of the last transaction on the account. (75 NY Jur 2d, Limitations and Laches § 90.) Although the exact date McCaffrey last made a charge on the account or last made a payment on the account is not alleged and no charge card statements have ever been provided to the court, the court can infer from the complaint the last charge and last payment was before August 31, 2002.
More than six years have elapsed since McCaffrey defaulted in payment on this credit card. If this action were to be dismissed on the grounds that the court lacked jurisdiction because McCaffrey had not been properly served, the causes of action alleged in the complaint would now be time-barred by the statute of limitations. Plaintiff could not recommence the action within six months of the dismissal because the dismissal is for failure to obtain personal jurisdiction over the defendant. (CPLR 205 [a].)
In this action, the default judgment was a “clerk’s judgment” premised upon the assertion the amount due was a sum certain. (Siegel, NY Prac § 293 [4th ed]; CPLR 3215 [a].) The proof submitted in support of the application for a clerk’s judgment was clearly and unquestionably inadequate to obtain the *316 judgment. (Collins Fin. Servs. v Vigilante, 30 Misc 3d 908 [Civ Ct, Richmond County 2011].)
The proof Velocity submitted in support of its application to enter a default judgment failed to establish the existence of prima facie cause of action against the defendant. (New S. Ins. Co. v Dobbins, 71 AD3d 652 [2d Dept 2010]; Hosten v Oladapo, 44 AD3d 1006 [2d Dept 2007]; Francisco v Soto, 286 AD2d 573 [1st Dept 2001]; Joosten v Gale, 129 AD2d 531 [1st Dept 1987].)
In order to obtain a default judgment, plaintiff must establish on a nonhearsay basis the facts constituting plaintiffs prima facie case. (State of New York v Williams, 44 AD3d 1149 [3d Dept 2007]; Feffer v Malpeso, 210 AD2d 60 [1st Dept 1994].)
As part of its prima facie proof, Velocity had to prove Discover assigned McCaffrey’s account to Velocity. (6A NY Jur 2d, Assignments § 87.) No such proof has been provided.
As part of its prima facie proof, Velocity had to establish it provided McCaffrey with notice of the assignment of the debt. (TPZ Corp. v Dabbs, 25 AD3d 787 [2d Dept 2006]; Caprara v Charles Ct. Assoc., 216 AD2d 722 [3d Dept 1995]; 6A NY Jur 2d, Assignments § 56.) No such proof has been offered.
To establish its breach of contract action, Velocity was required to establish the issuance of a credit card by Discover to McCaffrey, McCaffrey’s use of the card and McCaffrey’s default in payment. (Feder v Fortunoff Inc., 114 AD2d 399 [2d Dept 1985]; Empire Natl. Bank v Monahan, 82 Misc 2d 808 [County Ct, Rockland County 1975].) Velocity has not presented any evidence establishing Discover had issued a credit card to McCaffrey, the balance due on the credit card or McCaffrey’s default in payment. Velocity has failed to provide the court with a copy of the credit card agreement or a statement issued by Discover to McCaffrey. (Citibank [S.D.] N.A. v Sablic, 55 AD3d 651 [2d Dept 2008]; Brower v Gateway 2000, 246 AD2d 246 [1st Dept 1998].)
To establish its account stated action, Velocity was required to prove statements had been sent to McCaffrey which McCaffrey failed to pay or object to. (Velocity Invs., LLC v Cocina, 77 AD3d 1306 [4th Dept 2010]; Nebraskaland, Inc. v Best Selections, 303 AD2d 662 [2d Dept 2003]; Herrick, Feinstein v Stamm, 297 AD2d 477 [1st Dept 2002].) To meet this requirement, Velocity was required to establish the statements were business records. (Id.) Velocity has failed to produce any statements issued to McCaffrey let alone establish those statements were business records. (CPLR 4518 [a].)
*317 Since Velocity failed to offer any nonhearsay proof establishing either a cause of action for breach of contract or account stated, the judgment should not have been entered.
“[Wjaiver is the voluntary abandonment or relinquishment of a known right, which, except for such waiver, the party would have enjoyed.” (P & D Cards & Gifts v Matejka, 150 AD2d 660, 662 [2d Dept 1989].) Waiver may be evidenced by an express agreement or by conduct of the parties which indicates an intent not to exercise or enforce a right. (Bono v Cucinella, 298 AD2d 483 [2d Dept 2002]; Dice v Inwood Hills Condominium, 237 AD2d 403 [2d Dept 1997].)
Velocity fails to present any proof that McCaffrey knowingly and voluntarily waived his right to be properly served in the first instance. There is no evidence that McCaffrey was advised that if he made an application to vacate the judgment on the grounds that he was not properly served, and the action was dismissed on that basis, the action could not be recommenced because the action would be barred by the statute of limitations.
Due process requires that before a person’s property interest be adjudicated the party be provided with notice through means reasonably calculated to provide the party with notice of the pendency of the proceeding and the opportunity to be heard. (Mullane v Central Hanover Bank & Trust Co., 339 US 306 [1950]; Matter of Beckman v Greentree Sec., 87 NY2d 566 [1996]; Temple Bnai Shalom of Great Neck v Village of Great Neck Estates, 32 AD3d 391 [2d Dept 2006], lv denied 8 NY3d 813 [2007], cert denied 552 US 1183 [2008].) McCaffrey was denied that right and opportunity. The “Affidavit and Stipulation” gives McCaffrey the right to be heard on the merits only if he waives available defenses that might result in the dismissal of this action.
To one who is unsophisticated or lacks knowledge of the law, the “Affidavit and Stipulation” appears to be manna from heaven. The judgment is vacated and the party is being given the opportunity to contest the matter on the merits.
In this situation, the “Affidavit and Stipulation” is ice in winter. It is giving plaintiff the opportunity to avoid the consequences of having used an unscrupulous and unethical process server who regularly made sewer service by having the defendant waive his right to be properly served and waive valid defenses that would result in the dismissal of the action, thereby allowing plaintiff to proceed on an action in which it has never *318 produced the evidence necessary for establishing a prima facie case. Vacating the judgment and permitting this action to proceed if the plaintiff lacks the proof necessary to establish its prima facie case would be a waste of the court’s limited resources.
This application demonstrates the dangers of treating tens of thousands of different cases identically. Each case is sui generis. Only the judge to whom each case is assigned can determine issues regarding the propriety of service, the available defenses and the merits of the action and whether the relief requested should be granted. (See Woodson v Mendon Leasing, 100 NY2d 62 [2003].)
This court will not simply rubber-stamp every order placed before it. Before the court signs an order, the court must determine if the there is a factual and legal basis for the relief that will be granted in the order.
Therefore, the action is set down for a hearing in Civil Part 3, District Court, Nassau County, 99 Main Street, Courtroom 259, Hempstead, New York on March 18, 2011 at 9:30 a.m. at which Velocity shall produce a copy of the assignment establishing the assignment of the McCaffrey account from Discover to Velocity, a copy of the credit card agreement in effect as of the date of McCaffrey’s alleged default and copies of the credit card statements establishing the existence of the debt.
The application to vacate the judgment is held in abeyance pending the hearing. All proceedings to efforts to enforce the judgment are hereby stayed pending the hearing.

 Singler pleaded guilty to notarizing affidavits of service even though he knew the process servers had not made service in the manner described in the affidavits of service. (Process Server Pleads Guilty to Fraud, Faces One-Year Prison Term, NYLJ, Jan. 19, 2010, at Í, col 3.)