*267 OPINION OF THE COURT
Fred J. Hirsh, J.
Plaintiff Midland Funding LLC (Midland) moves for an order of preclusion precluding defendant from offering evidence if defendant Joya Valentin does not respond to a notice to admit.
Background
Midland sues as assignee of Citibank to recover the amount alleged to be due on a Citibank credit card. Midland alleges Citibank issued a credit card to Valentin, Valentin used the credit card and defaulted in payment. Midland alleges Citibank assigned Valentin’s credit card debt to Midland. Midland alleges the assignment of the debt gives it standing to maintain the action.
Valentin’s answer admits she is a resident of Nassau County but denies having information sufficient to answer the remaining allegations in the complaint. More specifically, she denies having information sufficient to form a belief regarding the issuance of a credit card, her use of the credit card, her default in payment and the assignment of the debt to Midland.
On or about June 15, 2012, Midland’s attorney served a notice to admit upon Valentin’s attorney containing 18 specific items requesting Valentin admit she applied for and used the credit card in issue, received the monthly billing statements, the billing statements attached to the notice to admit are true and accurate copies of billing statements, she defaulted in payment on the credit card, she never objected to any of the charges contained on the billing statements, she received notice of the assignment of the account from Citibank to Midland, Midland is now the owner of the debt, the credit card statements are business records and she owes to the owner of the debt the amount indicated on the final statement. Although Midland seeks Valentin to admit Citibank assigned the debt to Midland and Midland advised Valentin of the assignment, Midland did not attach a copy of the assignment or the notice purporting to advise Valentin of the assignment of the debt to either the complaint or the notice to admit.
Valentin did not respond to the notice to admit within 20 days of its service by either admitting, denying or setting forth a reason why she cannot admit or deny any of the specific items.
Discussion
Plaintiff need not make a motion to preclude relating to a notice to admit. A proper notice to admit is self-executing. A party *268 who does not respond to a notice to admit is deemed to have admitted the items in the notice to admit for the purposes of the action in which the notice to admit was served. (Siegel, NY Prac § 364 [5th ed]; 6-3123 Weinstein-Korn-Miller, NY Civ Prac CPLR 1Í 3123.10; CPLR 3123 [a].)
CPLR 3103 (a) grants the court authority on its own initiative to make a protective order denying, limiting, conditioning or regulating a disclosure device. A notice to admit is a disclosure device.
A notice to admit is to be used to save a party the trouble and expense of proving a readily admittable fact. (Siegel, NY Prac § 364 [5th ed].) A notice to admit is used to get a party to admit facts that will not be in dispute at trial. (6-3123 Weinstein-Korn-Miller, NY Civ Prac CPLR 1Í 3123.01.)
“The purpose of a notice to admit is only to eliminate from the issues in litigation matters which will not be in dispute at trial. It is not intended to cover ultimate conclusions, which can only be made after a full and complete trial. A notice to admit which goes to the heart of the matters at issue is improper.” (DeSilva v Rosenberg, 236 AD2d 508, 508 [2d Dept 1997] [citations omitted].)
A notice to admit is to be used “to elicit a stipulation regarding specific matters concerning which there is general agreement.” (Lewis v Hertz Corp., 193 AD2d 470 [1st Dept 1993] [citation omitted].)
A notice to admit is not to be used to obtain information more properly obtained by another discovery device such as a deposition. (DeSilva v Rosenberg; Tolchin v Glaser, 47 AD3d 922 [2d Dept 2008]; Falkowitz v Kings Highway Hosp., 43 AD2d 696 [2d Dept 1973].)
The notice to admit served in this action is unquestionably improper since it requires defendant to admit or deny what amounts to all of the elements of plaintiffs prima facie proof in its cause of action for breach of contract and account stated. Item 16 of the notice to admit requires defendant to admit “you owe plaintiff, Midland Funding LLC $4,481.64 as demonstrated in the statements.” Item 17 requests defendant admit “billing statements are true and accurate business records that defendant would not object to as being admitted into evidence at trial.”
The notice to admit in this case goes to the heart of the issues in this case, whether Citibank issued a credit card to Valentin, whether Valentin used the credit card, whether Valentin *269 defaulted in payment, the terms of the credit card agreement, Citibank’s assignment of the debt to Midland and the balance due and owing on the account. These are ultimate conclusions that can only be made after a full and complete trial.
One of the major problems assigned creditors such as Midland face in proving a prima facie case in assigned debt cases is proving the underlying debt. In order to get the records establishing the underlying debt into evidence, Midland must establish the records upon which it relies are business records. In order to get these records into evidence, Midland must lay the appropriate foundation establishing the documents are business records of the original creditor, in this case Citibank. (See Unifund CCR Partners v Youngman, 89 AD3d 1377 [4th Dept 2011], lv denied 92 AD3d 1267 [4th Dept 2012], lv denied 19 NY3d 803 [2012]; Velocity Invs., LLC v Cocina, 77 AD3d 1306 [4th Dept 2010]; Palisades Collection, LLC v Kedik, 67 AD3d 1329 [4th Dept 2009]; Velocity Invs., LLC v McCaffrey, 31 Misc 3d 308 [Nassau Dist Ct 2011]; CPLR 4518 [a].) A witness from an assignee such as Midland almost always lacks the requisite knowledge to lay the proper foundation to establish the documents, the credit card agreement and the credit card statement, are business records of the original creditor. (Id.)* Plaintiff is attempting to use a notice to admit to overcome its inability to lay the proper foundation for the admission of documents necessary to establish its prima facie case at trial.
A notice to admit may not be used for matters that constitute the very dispute involved in the litigation. (Siegel, NY Prac § 364 [5th ed].) The precise dispute in this action is whether plaintiffs assignor, Citibank, issued a credit card to defendant, the terms of the agreement pursuant to which the credit card was issued, whether defendant defaulted in payment and the amount due when defendant defaulted.
The notice to admit is also being used to have plaintiff admit or deny facts that would not be within Valentin’s knowledge. Valentin would not know and would have no way of knowing whether a credit card debt has been assigned from the original creditor to another party.
*270 A party may not use a notice to admit to prove all the of the necessary elements of its prima facie case. A party cannot circumvent its burden of proof and the rules of evidence through a notice to admit.
If Midland seeks to conduct appropriate discovery, such as a deposition or written interrogatories, at which defendant could be questioned regarding the issuance of the credit card, its use and her payment and/or failure to make payment, it may do so.
Therefore, plaintiff’s motion is denied. The court finds plaintiffs notice to admit abusive and improper. The court on its own motion issues a protective order vacating plaintiffs notice of admit dated June 15, 2012. Defendant’s failure to respond to said notice to admit shall not be deemed an admission for the purposes of this litigation.

 The foundation for a business record is proof the document was made in the regular course of business, it was the regular course of business of the business to make such records, the entry was made at or about the time of the event being recorded and the person providing the information has a business duty to provide the information. (William Conover, Inc. v Waldorf, 251 AD2d 727 [3d Dept 1998]; Prince, Richardson on Evidence § 8-305 [Farrell 11th ed 1995].)