Capital One, N.A., Respondent,
against
Benhong Xiao, Appellant.




Benhong Xiao, appellant pro se.
Malen & Associates, P.C. (Tess E. Gunther of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Laurentina McKetney Butler, J.), entered July 21, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $15,612.02.




ORDERED that the judgment is affirmed, without costs.
Following a nonjury trial of this action to recover for breach of a credit card agreement, the Civil Court awarded plaintiff the principal sum of $15,612.02.
At trial, plaintiff established its entitlement to judgment on its cause of action for breach of a credit card agreement "by tendering sufficient evidence that there was an agreement, which [ ] defendant accepted by his use of a certain credit card issued by the plaintiff and payments made thereon, and which was breached by [ ] defendant when he failed to make the required payments" (Citibank [S.D.], N.A. v Keskin, 121 AD3d 635, 636 [2014]; see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523-524 [2012]; Citibank [S.D.] N.A. v Sablic, 55 AD3d 651, 652 [2008]; Feder v Fortunoff, Inc., 114 AD2d 399, 399 [1985]). Contrary to defendant's contention, plaintiff's business records were properly admitted pursuant to the business records exception to the hearsay rule (see CPLR 4518). Plaintiff's employee testified that the business records were kept in the regular course of business, that it was plaintiff's regular course of such business to make such records, and that they were made at the time of the transaction. The witness testified further that he had personal knowledge of plaintiff's business practices and procedures, including when and how the credit card statements were made and kept (see CPLR 4518 [a]; HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952 [2016]).
Defendant's remaining contentions are raised for the first time on appeal, and we decline to consider them (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d 579 [2004]; Mind & Body Acupuncture, P.C. v Elrac, Inc., 48 Misc 3d [*2]139[A], 2015 NY Slip Op 51219[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
Accordingly, the judgment is affirmed.
ELLIOT, J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018