Bank of Am., N.A. v Francois (2021 NY Slip Op 50031(U))

[*1]

Bank of Am., N.A. v Francois

2021 NY Slip Op 50031(U) [70 Misc 3d 135(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2352 K C

Bank of America, N.A., Respondent, 
against
Macorel Francois, Appellant. 

Macorel Francois, appellant pro se.
Rubin & Rothman, LLC (Eric S. Pillischer of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Lizette
Colon, J.), entered August 9, 2018. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $8,371.02.

ORDERED that the judgment is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $8,371.02 for breach of a credit
card agreement and upon an account stated. Following a nonjury trial, the Civil Court awarded
plaintiff the principal sum of $8.371.02.
Contrary to defendant's contention, the Civil Court has subject matter jurisdiction over this
action, as plaintiff's causes of action are seeking the recovery of money where the amount sought
does not exceed the jurisdictional monetary limit of the Civil Court (see CCA 202).
Upon a review of the record, we find that plaintiff established its entitlement to judgment on
its cause of action for breach of a credit card agreement, by tendering sufficient evidence that
defendant entered into a credit card agreement, which he breached when he failed to make the
required payment pursuant to the agreement (see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522,
523-524 [2012]; Citibank [S.D.] N.A. v
Sablic, 55 AD3d 651, 652 [2008]; Feder v Fortunoff, Inc., 114 AD2d 399, 399
[1985]).
We decline to consider defendant's remaining contentions, which are either without merit or
raised for the first time on appeal (see
Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Gulf Ins. Co. v Kanen, 13 AD3d
579 [2004]; Mind & Body
Acupuncture, P.C. v Elrac, Inc., 48 Misc 3d 139[A], 2015 NY Slip Op 51219[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). In view of the foregoing, it is unnecessary
to pass upon whether plaintiff established a prima facie entitlement to judgment on its cause of
action for an account stated.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 15, 2021