OPINION OF THE COURT
Joseph D. Mintz, J.
Defendant moves to dismiss plaintiffs’ first, second and third causes of action alleged in their complaint, on the grounds that they fail to state a cause of action. Plaintiffs’ first action is for damages based upon an alleged violation of the Debt Collection Procedures Act (General Business Law, art 29-H); plaintiffs’ second cause of action is for damages based upon an alleged violation of the Federal Debt Collection Practices Act (US Code, tit 15, § 1692 et seq.)\ plaintiffs’ third cause of action is for damages under the common law. In order to determine whether allegations of the complaint constitute a cause or causes of action, the allegations are assumed to be true. (Williams v Williams, 23 NY2d 592.)
With regard to the first cause of action, if plaintiffs’ allegations are true, defendant’s conduct would constitute a violation of the Debt Collection Procedures Act. However, a violation of the act does not give rise to any private *201 cause of action under the express provisions of the act. Rather, section 602 of the General Business Law provides that each violation constitutes a misdemeanor enforceable by either the Attorney-General or the District Attorney. Nevertheless, civil relief on the basis of the act is not barred by its failure to expressly provide for such relief. The allowance of civil remedy may be implied, but is governed by the guidelines pronounced by the United States Supreme Court in Cort v Ash (422 US 66). Among the factors enumerated by the court are several factors meant to discern whether the Legislature, by the absence of an express private remedy, has meant to deny that remedy. Clearly, then, the existence or nonexistence of such a remedy is determined by examining the intent of the Legislature that enacted the law which serves as the basis for the civil remedy sought.
Neither the Governor’s Memorandum, the Memorandum of the Joint Legislative Committee on Consumer Protection, nor any item in the Bill Jacket accompanying the act gives any express pronouncement of whether or not private actions under the act are foreclosed. However, the material as a whole indicates that the act was a response to the number of complaints to official agencies, assisting them to deal with complaints. Although it is the consumer who ultimately is meant to benefit from the act, there are several indications that the accepted procedure is a complaint to any agency which deals with consumer problems, leaving the agency to deal with the collection agency complained of. (See, e.g., Memorandum of the Joint Legislative Committee on Consumer Protection, NY Legis Ann, 1973, p 52):
“Early in 1972, research by the Joint Legislative Committee on Consumer Protection disclosed that numerous and consistent abusive tactics were part of the normal debt collection procedure. The Attorney General’s office, the State Consumer Protection Board and the Federal Trade Commission were receiving a significant number of complaints from consumers who were being harassed by bill collectors * * *
“[Under this bill,] [t]he attorney general or any district attorney is empowered to prevent an abusive tactic from *202 being continued and persons who violate the provisions of this article are guilty of a misdemeanor.”
i
But, perhaps even more indicative of the Legislature’s intent are the remedies afforded by the Legislature for violations of other consumer laws. The laws which flank article 29-H of the General Business Law, to wit, articles 29-1, 30 and 33, provide for enforcement by the Attorney-General or by private suit and article 34 provides only for private enforcement. By these acts of the Legislature, it is clear that the Legislature can and does provide for private remedies when it sees fit. By contrast, the conspicuous absence of any private remedy in article 29-H of the General Business Law may only be viewed as deliberate. Thus, private action for a violation of the act cannot be allowed under the present legislation.
Plaintiffs’ second cause of action is based on an alleged violation of the Federal Debt Collection Practices Act. At the outset, it is to be noted the Federal act is directed at the activities of third-party collectors; it is not intended to remedy actions by the creditor itself, unless the creditor, “in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.” (US Code, tit 15, § 1692a, subd [6].) In order for plaintiffs to maintain any action on the basis of the Federal act, plaintiffs must first fulfill this jurisdictional requirement. This they have not done. First, it is clear that defendant is the creditor — plaintiff has not alleged any facts that would controvert this but has only asserted in a conclusory statement that defendant is a debt collector under the Federal act. Second, the only indication of any fact which would show that defendant has used any name other than its own in collecting debts is plaintiffs’ exhibit of a letter they received. This letter and the envelope in which it was sent are marked with the trademark, “Priority Dispatch — Registered 24-Hour Communications.” The return address is a post-office box in Buffalo, and the letter is signed at the end, “J. Gerace, Marine Midland Bank, (716)-843-5703.” Plaintiff claims this is “false and misleading”. But even if the use of “Priority Dispatch,” and a post-office box are “misleading”, plaintiffs have not shown the requisite juris *203 dictional fact that defendant has used a name “other than [its] own.” Thus, an action under the Federal act cannot be maintained on the facts as alleged by plaintiffs.
Finally, plaintiffs’ third cause of action is based on the common law. Defendant argues that plaintiffs have not alleged sufficient facts to make out a cause of action based on intentional infliction of emotional distress, in that they fail to allege (1) “reckless or intentional” conduct, and (2) conduct which is “outrageous”. Defendant relies on Fischer v Maloney (43 NY2d 553). Fischer v Maloney is not only inapplicable, but the Court of Appeals distinction of that case from Long v Beneficial Fin. Co. of N. Y. (39 AD2d 11) indicates that the facts alleged here state a cause of action based on intentional infliction of emotional distress. In fact, Long v Beneficial Fin. Co. is controlling here. First, the complaint does allege, although perhaps not as directly as possible, that defendant acted recklessly or intentionally and that as a result of defendants’ conduct, plaintiffs suffered “physical, emotional and other injuries.” Neither Fischer v Maloney, nor any other case found sets any standard for the extent to which the complaint must plead “intentional or reckless” conduct with regard to the result of mental or physical distress. In fact in Long v Beneficial Fin. Co., in which the actions of a creditor closely resembled the actions as alleged here by plaintiffs, the Fourth Department upheld a complaint which alleged a planned program of harassment, which conduct resulted in mental and physical harm, and held that the complaint need not allege that the acts are motivated by malice alone. Second, whether a jury could find the conduct “outrageous”, is controlled by Long v Beneficial Fin. Co., where a complaint alleging planned harassment of a like nature was not dismissed. Whether plaintiffs can show the conduct alleged or the requisite intent at trial need not be considered. On the basis of the facts alleged, there remains the possibility that plaintiffs may be able to show intentional infliction of emotional distress, and, therefore, this cause of action will not be dismissed.
Based on the foregoing, defendant’s motion to dismiss is granted as to the first and second causes of action and denied as to the third.