■ SPECTRA AUDIO RESEARCH, INC., Respondent, v 60-86 MADISON AVENUE DISTRICT MANAGEMENT ASSOCIATION, INC., Appellant. [699 NYS2d 360] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered December 15, 1998, in

favor of plaintiff sublessor and against defendant sublessee in the total amount of $70,262.42, and bringing up for review a prior order which, *inter alia*, granted plaintiff's motion for partial summary judgment on its causes of action for unpaid rent and additional rent up to the making of the motion and for an account stated, unanimously modified, on the law, to grant plaintiff summary judgment dismissing defendant's affirmative defense of lack of authority, and otherwise affirmed, with costs to plaintiff payable by defendant.

Plaintiff was properly granted summary judgment on its cause of action for breach of the sublease upon a record showing that defendant's president had apparent authority to enter into the sublease on defendant's behalf, its attorney at the sublease closing having specifically represented to plaintiff that defendant not-for-profit corporation had taken all steps necessary to its entering into the sublease, including authorizing its president to execute the sublease on its behalf (*see, Greene v Hellman*, 51 NY2d 197, 204; *Geotel, Inc. v Wallace*, 162 AD2d 166, 168, *lv dismissed and denied* 76 NY2d 917). Defendant is, in any event, estopped from denying the validity of the sublease by reason of its subsequent six-month use and occupancy of the premises (*see, Marine Midland Bank v Russo Produce Co.*, 50 NY2d 31, 44). Inasmuch as the order did not directly dismiss the defense of lack of authority, we find it should be modified for purposes of clarity.

Summary judgment on the cause of action for an account stated was also properly granted based upon defendant's acceptance and retention of plaintiff's monthly rent bills, without objection, for five months (*see, Ellenbogen & Goldstein v Brandes*, 226 AD2d 237, *lv denied* 89 NY2d 806). We have considered and rejected defendant's other claims. Concur—Ellerin, P. J., Rosenberger, Nardelli, Lerner and Andrias, JJ.