■ HOUSEHOLD FINANCE CORPORATION III, Respondent, v DAVID P. DYNAN et al., Defendants. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [710 NYS2d 457] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered May 24, 1999 in Saratoga County, which, *inter alia*, imposed sanctions on defendants' counsel.

Plaintiff commenced this breach of contract action against defendants alleging that they failed to make payments under a loan agreement. Defendants, represented in the action by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), served an answer alleging various affirmative defenses and a counterclaim, together with certain discovery demands. Following service of a reply to the counterclaim but prior to responding to defendants' discovery demands, plaintiff moved for summary judgment. Defendants opposed the motion and plaintiff's attorney served a reply affidavit requesting sanctions against Capoccia. Supreme Court granted summary judgment in favor of plaintiff and, upon concluding that the defenses and affirmative defenses interposed by defendants were frivolous, imposed a sanction of $1,000 against Capoccia. This appeal ensued.

While a court may impose sanctions for conduct which is deemed frivolous, the party or attorney to be sanctioned must be afforded a reasonable opportunity to be heard on the matter (*see, Matter of Rose BB.*, 262 AD2d 805, 807, *lv dismissed* 93 NY2d 1039; *Morrison v Morrison*, 246 AD2d 634). In the case at bar, the record does not support a determination that Capoccia was afforded an opportunity to be heard. Rather, the issue of sanctions was raised for the first time in plaintiff's attorney's affidavit in reply to defendants' papers opposing the motion (*see, Matter of Leewen Contr. Corp. v Department of Sanitation*, 272 AD2d 246; *Matter of TIG Ins. Co. v Pellegrini*, 258 AD2d 658). Under the particular circumstances herein, we conclude that the matter must be remitted to allow Capoccia an opportunity to be heard prior to the determination of whether sanctions should be imposed (*cf., Curtis v Scherer*, 261 AD2d 158, *lv denied* 93 NY2d 815; *Matter of Gordon v Marrone*, 202 AD2d 104, 110-111, *lv denied* 84 NY2d 813).

Mercure, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions against Andrew F. Capoccia Law Centers, L. L. C.; the issue of sanctions is remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.