Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.

■ GREENWOOD TRUST COMPANY, Respondent, v HOLLY MASON, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [715 NYS2d 553] —Cardona, P. J. Appeal from an order of the Supreme Court (Keniry, J.), entered May 25, 1999 in Saratoga County, which, *inter alia*, granted plaintiff's motion for sanctions against defendant's counsel.

Plaintiff commenced this action against defendant to recover the sum of $2,198.87 allegedly owed under the terms of a credit card agreement. Defendant, represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), served an answer to the complaint, asserting affirmative defenses and a counterclaim, and various demands for discovery. Thereafter, plaintiff moved, *inter alia*, for summary judgment and the imposition of sanctions against Capoccia. Defendant opposed the motion and withdrew her counterclaim and affirmative defenses. Supreme Court granted summary judgment in favor of plaintiff and imposed sanctions in the amount of $500 against Capoccia, resulting in this appeal.

Initially, we find no merit to Capoccia's contention that it was denied notice and an opportunity to be heard prior to Supreme Court's imposition of sanctions. The governing regulations provide that "the imposition of sanctions may be made ei-

ther upon motion * * * or upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1 [d]). Notably, the regulations do not require that a formal hearing be conducted but state that "[t]he form of the hearing shall depend upon the nature of the conduct and the circumstances of the case" (id.).

In the instant case, plaintiff first made its request for sanctions in papers submitted in support of its motion for summary judgment. Significantly, in its papers in opposition to the motion, Capoccia put forth arguments against the imposition of sanctions. Although Supreme Court did not conduct a formal hearing specifically on the issue of sanctions, such was not required under the particular circumstances of this case as plaintiff's written submission and Capoccia's written response satisfied the necessary requirements (see, Matter of Marsh, 207 AD2d 749; Papa v Burrows, 186 AD2d 375, lv denied 81 NY2d 707; see also, Citibank [S. Dakota] v Jones, 272 AD2d 815, lv denied 95 NY2d 764). While we reached a different conclusion in Household Fin. Corp. III v Dynan (274 AD2d 656), we note that the request for sanctions in that case was first raised in plaintiff's counsel's reply affidavit and Capoccia did not have an opportunity to submit any response.

Similarly, we are unpersuaded by Capoccia's argument that it did not engage in frivolous conduct. The affirmative defenses and counterclaim interposed in defendant's answer resemble the meritless assertions which Capoccia has employed in other consumer credit cases (see, Citibank [S. Dakota] v Coughlin, 274 AD2d 658, 660; Citibank [S. Dakota] v Jones, supra, at 818). Under these circumstances, we cannot say that Supreme Court abused its discretion in finding that Capoccia engaged in frivolous conduct (see, Matter of Rosenhain, 222 AD2d 745, appeal dismissed 87 NY2d 1053). We have considered Capoccia's remaining claims and find them to be unavailing.

Mercure, Peters, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.