■ GREENWOOD TRUST COMPANY, Plaintiff, v GERALD HOUK, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [716 NYS2d 477] —Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 30, 1999 in Albany County, which, *inter alia*, imposed sanctions on defendant's counsel.

Plaintiff commenced this action to recover $2,163.19 allegedly due on a credit card account. Defendant, represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), submitted an answer generally denying the operative allegations of the complaint and asserting as an affirmative defense that the complaint failed to state a cause of action. Plaintiff thereafter moved to strike defendant's answer and for summary judgment for the relief demanded in the complaint.

The papers in support of plaintiff's motion included an affidavit from one of its account managers stating that defendant had been sent statements, never disputed the amount owed and failed to make the required payments, an attorney's affirmation, a copy of the credit card agreement in effect at the time of defendant's default and copies of the account statements sent to defendant. In opposition to the motion, defendant submitted only an attorney's affirmation. In reply, plaintiff

contended that it was entitled to summary judgment based upon defendant's failure to submit competent evidence raising a question of fact and also requested that defendant be sanctioned for interposing frivolous opposition to the summary judgment motion. Supreme Court awarded summary judgment in favor of plaintiff and, concluding that defendant's opposition to the motion was undertaken primarily to delay the resolution of the litigation, imposed a sanction against Capoccia in the amount of $1,000. Capoccia appeals only the sanction. Plaintiff has filed no responding brief.

Here, as in *Household Fin. Corp. III v Dynan* (274 AD2d 656), the request for sanctions was first made in plaintiff's reply to defendant's papers in opposition to the summary judgment motion. We agree with Capoccia that, because it was not allowed a reasonable opportunity to be heard on the issue of sanctions, there must be a remittal for that purpose (*see, id.*).

Capoccia's additional contentions have been considered and found to be unavailing.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions against Andrew F. Capoccia Law Centers, L. L. C.; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.