■ GREENWOOD TRUST COMPANY, Respondent, v KELLIE A. ROYLANCE, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [719 NYS2d 904] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 12, 1999 in Albany County, which, *inter alia,* imposed sanctions against defendant's counsel.

Plaintiff commenced this breach of contract action to recover sums allegedly owed by defendant under a credit card agreement. Defendant, represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), served an answer generally denying the allegations of the complaint and raising various affirmative defenses. Plaintiff then served defendant with a demand for a bill of particulars and a notice of discovery and inspection. Before defendant responded to those demands, plaintiff moved for summary judgment on the ground of an account stated. Defendant opposed the motion arguing that, *inter alia*, the supporting affidavit of plaintiff's account manager was insufficient to establish its claim and the credit card agreement was unconscionable. Plaintiff's reply included a request for sanctions on the grounds that, *inter alia*, defendant's opposi-

tion to its motion was completely without merit. Supreme Court granted plaintiff's motion for summary judgment, found defendant's submissions and defenses to be frivolous and devoid of merit, and imposed a sanction of $2,000 against Capoccia. Capoccia appeals.

For the reasons set forth in our recent decisions in *Greenwood Trust Co. v Houk* (277 AD2d 761) and *Household Fin. Corp. III v Dynan* (274 AD2d 656), we reverse the imposition of sanctions. As in those cases, the issue of sanctions was first raised here in plaintiff's reply to defendant's opposition to its motion for summary judgment and Capoccia was not thereafter afforded an opportunity to be heard as required by 22 NYCRR 130-1.1 (d) (*compare, Greenwood Trust Co. v Mason*, 277 AD2d 740). While court admonitions to counsel and counsel's submission of meritless opposition papers in previous cases may be considered in determining whether counsel's conduct was frivolous (*see, Citibank [S. D.] v Jones*, 272 AD2d 815, 817, *lv denied* 95 NY2d 764), Supreme Court erred in presuming that any excuse or explanation that Capoccia might offer in this case would be as meritless as those presented previously, and obviated the need for a hearing (*cf., Matter of Gordon v Marrone*, 202 AD2d 104, *lv denied* 84 NY2d 813).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as imposed sanctions against Andrew F. Capoccia Law Centers, L. L. C.; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.