▮▮▮▮ CITIBANK (SOUTH DAKOTA), N.A., Appellant, v NANCY L. RUNFOLA, Respondent. [725 NYS2d 246] —Order unanimously reversed on the law with costs and motion granted. Memorandum: Supreme Court erred in denying plaintiff's motion seeking summary judgment on an account stated for a credit card balance on the ground that plaintiff had made a previous motion for the same relief. While successive motions for summary judgment are generally discouraged (*see, Welch Foods v Wilson,* 277 AD2d 882; *see also, Gadley v U.S. Sugar Co.,* 259 AD2d 1041), in this case defendant did not oppose the present motion on that ground. Indeed, neither party has addressed that ground on appeal.

We conclude that plaintiff's motion should have been granted. Plaintiff met its initial burden by submitting the affidavit of a manager stating that the account had been rendered and retained without colorable objection for over 4½ months before the action was commenced (*see, Sisters of Charity Hosp. v Riley,* 231 AD2d 272, 282; *see also, Spectra Audio Research v 60-86 Madison Ave. Dist. Mgt. Assn.,* 267 AD2d 23, 24, *lv dismissed* 95 NY2d 791; *Jim-Mar Corp. v Aquatic Constr.,* 195 AD2d 868, 869-870, *lv denied* 82 NY2d 660). The manager averred that the purported objection by defendant was a frivolous and overbroad "dispute letter" from the "Capoccia firm"

(the Andrew J. Capoccia Law Centers) sent before defendant ceased making payment. The "dispute letter" merely stated in general and conclusory terms that defendant disputed the account. That purported objection is a nullity (*see generally, Matter of Capoccia,* 272 AD2d 838, *lv dismissed* 95 NY2d 887). Defendant has failed to raise a triable issue of fact (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Steuben County, Latham, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Burns, JJ.