■ CITIBANK (S.D.) N.A., Respondent, v ANTHONY ROBERTS, Appellant. [757 NYS2d 365] —Cardona, P.J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered December 14, 2002 in Broome County, which granted plaintiff's motion for summary judgment.

After plaintiff sent defendant a credit card application, it was completed and returned with a signature bearing defendant's name, dated March 26, 1999. The application also requested that a second card be issued on the account to Michelle Demetros. Thereafter, credit cards were issued and, commencing in April 1999 until December 2000, charges were made to the account and plaintiff sent monthly statements to defendant at his home address as confirmed by, among other things, a copy of defendant's driver's license. Defendant accepted and retained monthly billing statements and made several credit card payments. Subsequently, the account became delinquent and plaintiff accelerated the total amount due.

Seeking to recover a balance of $5,364.22, plaintiff commenced this action alleging causes of action in breach of contract, account stated and recovery of counsel fees. Following

joinder of issue, plaintiff moved for summary judgment seeking the relief in the complaint and dismissal of defendant's affirmative defenses and counterclaim. Defendant's sole ground in opposing the motion was his claim that his signature was not on the credit card application. In his affidavit, defendant requested Supreme Court to compare the signature on the application with the one on his driver's license, however, he did not offer proof from a handwriting expert. After noting that the signatures on the application and driver's license were similar, Supreme Court granted summary judgment to plaintiff, prompting this appeal.

Plaintiff met its initial burden on the motion by presenting proof establishing, among other things, the existence of the agreement between the parties, issuance of the credit cards at defendant's address, use of the credit cards, retention of the monthly statements and payments on the account by defendant and Demetros with checks that had defendant's address printed on the front (see Citibank [S.D.] v Runfola, 283 AD2d 1016 [2001]; see also Convenient Med. Care v Medical Bus. Assoc., 291 AD2d 617, 618 [2002]). In response, defendant did not deny utilizing and making payments on the credit card but, as already indicated, argued that his signature was not on the application.

Upon the proof submitted, we find no reason to disturb Supreme Court's determination that defendant failed to raise a question of fact as to the genuineness of his signature on the application. In any event, even assuming that defendant did not sign the application, "[t]he absence of an underlying agreement, if established, would not relieve [defendant] of his obligation to pay for goods and services received on credit" (Feder v Fortunoff, 123 Misc 2d 857, 860 [1984]; see Empire Natl. Bank v Monahan, 82 Misc 2d 808, 809 [1975]; see also Minskoff v American Express Travel Related Servs. Co., Inc., 98 F3d 703 [1996]; 29 NY Jur 2d, Credit Cards and Letters of Credit § 3). Under the circumstances presented herein, summary judgment was properly granted.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.