■ CITIBANK (SOUTH DAKOTA) N.A., Respondent, v ZVONIMIR SABLIC, Appellant. [865 NYS2d 649]—

In an action to recover damages for breach of contract and on an account stated, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated March 28, 2007, as granted those branches of the plaintiff's motion which were for summary judgment on the cause of action to recover damages for breach of contract and to dismiss his counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Citibank (South Dakota) N.A. (hereinafter Citibank) commenced this action to recover damages for breach of contract and on an account stated against the defendant Zvonimir Sablic (hereinafter Sablic) to recover an unpaid credit card balance in the amount of $33,724.84. In his answer, Sablic asserted one affirmative defense based on the allegation that he had enrolled in a credit protector program that excused his payment, and one counterclaim based on the allegation that Citibank had harassed him.

Contrary to Sablic's contention, the Supreme Court properly granted that branch of Citibank's motion which was for summary judgment on the cause of action to recover damages for breach of contract. Citibank made a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence that Sablic breached his agreement to pay the credit card debt, and he failed to produce any evidence in admissible form sufficient to establish the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Sablic's unilateral belief and expectation that the credit protector program absolved him of the debt did not create an issue of fact, especially since there is evidence in the record that Citibank cancelled his enrollment on July 9, 2003 (*see Wells v Shearson Lehman/American Express*, 72 NY2d 11, 24 [1988]). Under similar circumstances, the courts have granted summary judgment in favor of the bank (*see Citibank v Roberts*, 304 AD2d 901 [2003]; *MBNA Am. Bank v Paradise*, 285 AD2d 586 [2001]; *First Deposit Natl. Bank v Van Allen*, 277 AD2d 858 [2000];

*Greenwood Trust Co. v Houk,* 277 AD2d 761 [2000]; *Providian Natl. Bank v Forrester,* 277 AD2d 582 [2000]).

The Supreme Court properly dismissed Sablic's counterclaim because the Debt Collection Procedures Act set forth in article 29-H of the New York State General Business Law does not create a private right of action (*see Varela v Investors Ins. Holding Corp.,* 81 NY2d 958, 961 [1993]; *Lane v Marine Midland Bank,* 112 Misc 2d 200, 201 [1982]) and Citibank is not a debt collector within the meaning of the Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*) (*see Doherty v Citibank [South Dakota] N.A.,* 375 F Supp 2d 158, 161-162 [2005]; *Monogram Credit Card Bank of Ga. v Mata,* 195 Misc 2d 96 [2002]). Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur.