Capital One Bank (USA), N.A., Respondent,
against
James Stewart, Appellant.




James Stewart, appellant pro se.
Selip & Stylianou, LLP, (Carol Van Houten of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Laurentina McKetney Butler, J.), entered September 16, 2016, deemed an appeal from a judgment of the same court entered December 15, 2016 (see CPLR 5501 [c]). The judgment, entered pursuant to so much of the September 16, 2016 order as granted plaintiff's motion for summary judgment, awarded plaintiff the principal sum of $3,182.84.




ORDERED that the judgment is affirmed, without costs.
In this action to recover the principal sum of $3,182.84 for breach of a credit card agreement, plaintiff moved for summary judgment. Defendant's appeal from an order entered September 16, 2016 granting plaintiff's motion for summary judgment is deemed from the judgment subsequently entered on December 15, 2016, pursuant to the order (see CPLR 5501 [c]), which judgment awarded plaintiff the principal sum of $3,182.84. 
Defendant has not contested the facts alleged in plaintiff's moving papers regarding the issuance of the credit card, his acceptance of the credit card, his receipt and acceptance of the billing statements itemizing his charges to the credit card and that he had stopped making payments pursuant to the agreement. Thus, plaintiff has presented prima facie "evidence that there was an agreement, which the defendant accepted by his use of a certain credit card issued by the plaintiff and payments made thereon, and which was breached by the defendant when he failed to make the required payments" (Citibank [S.D.], N.A. v Keskin, 121 AD3d 635, 636 [*2][2014]; see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522 [2012]; Citibank [S.D.] N.A. v Sablic, 55 AD3d 651 [2008]). Defendant argued in opposition to the motion for summary judgment, among other things, that the documentary evidence presented by plaintiff in support of the motion, consisting of a credit card agreement and monthly statements, was inadmissible under CPLR 4544 because the print size thereon was too small.
Contrary to defendant's contention, Truth In Lending Act § 1601 (e) preempts state laws relating to the format, content, manner or substance of credit card disclosures (see In Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 114-117 [2008]). In any event, assuming arguendo that the credit card agreement and monthly statements are inadmissible under CPLR 4544, "[t]he absence of the underlying agreement, [] would not relieve [defendant] of his obligation to pay for goods and services received on credit" (Citibank v Roberts, 304 AD2d 901, 902 [2003] [internal quotation marks and citations omitted]; see Feder v Fortunoff, Inc., 123 Misc 2d 857 [Sup Ct, Nassau County 1984]).
Defendant's remaining contentions are either without merit or not considered because they were raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]).
Accordingly, the judgment is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018