Discover Bank, Respondent,
against
Aydee Witt, Appellant.




Aydee Witt, appellant pro se.
Selip & Stylianou, LLP (Arslan Akhtar of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Laurentina McKetney Butler, J.), entered February 6, 2017. The order granted plaintiff's motion for summary judgment.




ORDERED that the order is affirmed, without costs.
In this action to recover the principal sum of $5,957.16 for breach of a credit card agreement and upon an account stated, plaintiff moved for summary judgment. In a supporting affidavit, Angela Sterling, a litigation support specialist for plaintiff's servicing affiliate which collects debts owed to plaintiff, averred, among other things, that she had personally reviewed the relevant information and records concerning defendant's credit card account, including defendant's application for a credit card account which had resulted in the opening of the account. She further stated that the records indicate that defendant used the credit card and/or authorized the use of the card to obtain goods or services and to transfer outstanding balances. Defendant was provided with periodic statements of account, and the statements reflect certain payments made to the account. She alleged that defendant had breached the credit card agreement by failing to make additional payments as requested. Moreover, defendant had never disputed the balance owed in the sum of $5,957.16. Various supporting documents were annexed to plaintiff's moving papers. Defendant opposed the motion. By order entered February 6, 2017, the Civil Court granted plaintiff's motion for summary judgment.
Contrary to defendant's contention that she had never opened a credit card account with plaintiff, plaintiff established "that there was an agreement, which the defendant accepted by [her] use of a certain credit card issued by the plaintiff and payments made thereon, and which was breached by the defendant when [s]he failed to make the required payments" (Citibank [South Dakota], N.A. v Keskin, 121 AD3d 635, 636 [2014]; see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522 [2012]; Citibank [S.D.] N.A. v Sablic, 55 AD3d 651 [2008]). Even in the absence of a signed credit card agreement, defendant would not be relieved of her obligation to pay for goods and services received on credit (see Citibank v Roberts, 304 AD2d 901, 902 [2003]; Feder v Fortunoff, Inc., 123 Misc 2d 857 [Sup Ct, Nassau County 1984]). 
We note that the issues raised by defendant for the first time on appeal are not properly before this court, and we decline to consider them (see Sellathurai v Geevarghese, 52 Misc 3d 130[A], 2016 NY Slip Op 50964[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019