Bank of Am., N.A. v Samuel (2020 NY Slip Op 50986(U))

[*1]

Bank of Am., N.A. v Samuel

2020 NY Slip Op 50986(U) [68 Misc 3d 130(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2017-689 K C

Bank of America, N.A., Respondent,
against
Ricardo M. Samuel, Appellant. 

Ricardo M. Samuel, appellant pro se.
Mullooly, Jeffrey, Rooney & Flynn, LLP (Gerald W. Flynn of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Adam
Silvera, J.), entered April 28, 2016. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $24,964.22.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the principal sum of $24,964.22 for breach of a
credit card agreement and upon an account stated. At a nonjury trial, plaintiff established that it
had issued a credit card to defendant, that he had used the card to make purchases and that he had
defaulted in making payments due under the credit card agreement. Following the trial, the Civil
Court awarded plaintiff judgment in the principal sum of $24,964.22.
Contrary to defendant's contention, plaintiff presented "evidence that there was an
agreement, which . . . defendant accepted by his use of a certain credit card issued by . . . plaintiff
and payments made thereon, and which was breached by . . . defendant when he failed to make
the required payments" (Citibank [South Dakota], N.A. v Keskin, 121 AD3d 635, 636
[2014]; see Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522 [2012]; Citibank
[South Dakota] N.A. v Sablic, 55 AD3d 651 [2008]). Even in the absence of a signed credit
card agreement, defendant is not relieved of his obligation to pay for goods and services received
on credit (see Citibank v Roberts, 304 AD2d 901, 902 [2003]; Feder v Fortunoff,
Inc., 123 Misc 2d 857 [Sup Ct, Nassau County 1984]). 
As the record supports the Civil Court's determination, we find no reason to disturb the
judgment. Plaintiff's remaining contentions are either unpreserved or lacking in merit.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020