Discover Bank v Berg (2021 NY Slip Op 50152(U))

[*1]

Discover Bank v Berg

2021 NY Slip Op 50152(U) [70 Misc 3d 142(A)]

Decided on February 26, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 26, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2018-829 K C

Discover Bank, Respondent,
against
Michael Berg, Appellant. 

Berg & David, PLLC (Edward Sinitsa, Sholom Wohlgelernter and Abraham David of
counsel), for appellant.
Selip & Stylianou, LLP (Margaret J. Leszkiewicz of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Cenceria P.
Edwards, J.), entered March 7, 2018. The order, insofar as appealed from as limited by the brief,
granted the branch of plaintiff's motion seeking summary judgment on its cause of action for
breach of a credit card agreement.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action to recover the principal sum of $5,764.38 for breach of a credit card agreement
and upon an account stated, plaintiff moved for summary judgment on its causes of action and to
dismiss the counterclaim interposed by defendant in which he sought to recover on a claim of
fraud. In a supporting affidavit, Angela Sterling, a litigation support specialist for plaintiff's
servicing affiliate which collects debts owed to plaintiff, averred, among other things, that she
has knowledge of the facts in this case based upon the books and records provided to her by
plaintiff for the purpose of the affiliate's business to collect the alleged debt on plaintiff's behalf.
She further alleged that she has personally reviewed the relevant information and records
concerning defendant's credit card account which were made in the ordinary course of business
and that it is the regular course of plaintiff's business to do so, at or about the time of the
transactions, including defendant's application for a credit card account which had resulted in the
opening of the account. She stated that the records indicate that defendant used the credit card
and/or authorized the use of the card to obtain goods or services and to transfer outstanding
balances. Defendant was provided with periodic statements of account, and the statements reflect
various purchases and certain payments made to the account. She alleged that defendant had
breached the credit card agreement by failing to make additional payments as requested. Various
supporting documents were annexed to plaintiff's moving papers. Defendant opposed [*2]the motion. As limited by the brief, defendant appeals from so
much of the order of the Civil Court (Cenceria P. Edwards, J.), entered March 7, 2018, as granted
the branch of plaintiff's motion for summary judgment on its cause of action for breach of the
credit card agreement.
We find that plaintiff's evidence in support of its motion was sufficient to establish its prima
facie entitlement to judgment as a matter of law on its cause of action for breach of the credit
card agreement. Contrary to defendant's contention, plaintiff presented evidence that there was an
agreement, which defendant accepted by his use of a credit card issued by plaintiff and by
payments made thereon, and which agreement was breached by defendant when he failed to
make the required payments (see
Citibank [South Dakota], N.A. v Keskin, 121 AD3d 635, 636 [2014]; Citibank [S.D.], N.A. v
Brown-Serulovic, 97 AD3d 522 [2012]; Citibank [S.D.], N.A. v Sablic, 55 AD3d 651 [2008]). Even in the
absence of a signed credit card agreement, defendant would not be relieved of his obligation to
pay for goods and services received on credit (see Citibank v Roberts, 304 AD2d 901,
902 [2003]; Feder v Fortunoff, Inc., 123 Misc 2d 857 [Sup Ct, Nassau County 1984]).
Moreover, the affidavit of an employee of plaintiff's affiliate was sufficient to lay a foundation
for plaintiff's business records establishing the breach of the credit card agreement and the
balance due on the credit card (see CPLR 4518 [a]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737 [2015];
Discover Bank v Witt, 62 Misc 3d
139[A], 2019 NY Slip Op 50057[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]). Additionally, defendant admitted that he had used the credit card to make purchases, that
he made payments to the account and that there is an outstanding balance owed.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 26, 2021