Bank of Am., N.A. v Diamante (2022 NY Slip Op 50617(U))

[*1]

Bank of Am., N.A. v Diamante

2022 NY Slip Op 50617(U) [75 Misc 3d 142(A)]

Decided on June 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2020-648 Q C

Bank of America, N.A., Respondent, 
against
Alex Diamante, Appellant. 

Alex Diamante, appellant pro se.
Mullooly, Jeffrey, Rooney & Flynn, LLP (Jonathan A. Baretto of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Phillip
Hom, J.), entered August 9, 2019. The order granted plaintiff's motion for summary judgment
dismissing the counterclaim and on the complaint.

ORDERED that the order is affirmed, without costs.
In this action, plaintiff seeks to recover the principal sum of $6,194.73 for breach of a credit
card agreement and upon an account stated. Defendant, a self-represented litigant, interposed an
answer containing a counterclaim, which asserted violations of the Fair Debt Collection Practices
Act (15 USC § 1692 et seq.) (FDCPA). Thereafter, plaintiff moved for summary
judgment dismissing the counterclaim and on the complaint.
In a supporting affidavit, a custodian of records for plaintiff averred, among other things, that
she had personally reviewed the relevant information and records concerning defendant's credit
card account, which were made in the ordinary course of business and that it was the regular
course of plaintiff's business to do so at or about the time of the transactions. Included among the
records she viewed was defendant's application for a credit card account which had [*2]resulted in the opening of the account. She stated that the records
indicate that defendant used the credit card and/or authorized the use of the card to obtain goods
or services and to transfer outstanding balances, and that defendant was provided with periodic
statements of the account. The statements reflect various purchases and certain payments made to
the account. She alleged that defendant had breached the credit card agreement by failing to make
payments as requested and that the principal sum of $6,194.73 remains due. Various supporting
documents were annexed to plaintiff's moving papers. Defendant opposed the motion, arguing
that plaintiff failed to submit evidence in admissible form and that outstanding discovery
requests were necessary to support defendant's counterclaim. Defendant also asserted
conclusorily that plaintiff had transferred its debt to a third-party debt collector, i.e., the law firm
hired to represent plaintiff in this action. 
By order entered August 9, 2019, the Civil Court granted plaintiff's motion.
We find that plaintiff sufficiently established its prima facie entitlement to summary
judgment on its cause of action for breach of contract. Contrary to defendant's contention,
plaintiff presented evidence that there was a credit card agreement, which defendant accepted by
his use of a credit card issued by plaintiff and by payments made thereon, and which agreement
was breached by defendant when he failed to make the required payments (see Citibank [South Dakota], N.A. v
Keskin, 121 AD3d 635, 636 [2014]; Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522 [2012]; Citibank [S.D.], N.A. v Sablic, 55
AD3d 651 [2008]). Even in the absence of a signed credit card agreement, defendant would
not be relieved of his obligation to pay for goods and services received on credit (see Citibank
v Roberts, 304 AD2d 901, 902 [2003]; Feder v Fortunoff, Inc., 123 Misc 2d 857 [Sup
Ct, Nassau County 1984]). Moreover, the affidavit of an employee of plaintiff was sufficient to
lay a foundation for plaintiff's business records establishing the breach of the credit card
agreement and the balance due on the credit card (see CPLR 4518 [a]; see Discover Bank v Witt, 62 Misc 3d
139[A], 2019 NY Slip Op 50057[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]).
The burden thereupon shifted to defendant "to produce evidentiary proof in admissible form
sufficient to establish the existence of material issues of fact which require a trial of the action"
(Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), which defendant failed to do.
Consequently, the Civil Court properly granted the branch of plaintiff's motion seeking summary
judgment on its cause of action for breach of contract.
To the extent that defendant asserts a violation of the FDCPA, such counterclaim cannot be
maintained against plaintiff-bank as it "does not generally apply to a creditor seeking to enforce a
contract (see, 15 USC § 1692a [6] [F] [iii] . . .)" (United Cos. Lending Corp. v
Candela, 292 AD2d 800, 801-802 [2002]; see Pirrelli v OCWEN Loan Servicing, LLC, 129 AD3d 689, 693
[2015]; Capital One Bank [USA] N.A. v
Iqbal, 56 Misc 3d 136[A], 2017 NY Slip Op 51009[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2017]; Cavalry Portfolio
Servs., LLC v Renne, 27 Misc 3d 129[A], 2010 NY Slip Op 50615[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud Dists 2010]). Thus, the branch of plaintiff's motion seeking
summary judgment dismissing the counterclaim was likewise properly granted. To the extent the
counterclaim may [*3]actually be seeking recovery from
plaintiff's attorneys, no cause of action can lie against them here as they are not parties to the
instant action.
Defendant's remaining contentions are either without merit or improperly raised for the first
time on appeal (see Elbayoumi v TD
Bank, N.A., 185 AD3d 786, 788 [2020]). We note that we do not consider any materials
which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2022