Ali v City of New York (2022 NY Slip Op 50616(U))

[*1]

Ali v City of New York

2022 NY Slip Op 50616(U) [75 Misc 3d 142(A)]

Decided on June 24, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through July 8, 2022; it will not
be published in the printed Official Reports.

Decided on June 24, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DONNA-MARIE E. GOLIA, CHEREÉ
A. BUGGS, JJ

2019-893 K C

Mohammed Shahdat Ali, an Infant, 
 by his Mother and Natural Guardian, Shajeda Begum, and Shajeda Begum, 
 Individually, Respondents,
against
The City of New York, Keith Alfieri, and The Isis Firm, PLLC,
Defendants, and Pentecostal Evangelistic Outreach Church, Inc., Appellant.

Frank Forson, for appellant.
Rimland & Associates, P.C. (Zachary Buniak of counsel), for respondents(no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), entered May 29, 2019. The order denied a motion by defendant Pentecostal
Evangelistic Outreach Church, Inc., to (1) vacate so much of a default order of that court entered
May 13, 2013 as struck that defendant's answer and directed an inquest and (2) sanction
plaintiff's attorney.

ORDERED that the order entered May 29, 2019 is affirmed, without costs.
Plaintiffs Mohammed Shahdat Ali and his mother Shajeda Begum commenced this action in
January, 2008, in Supreme Court, Kings County, seeking, among other things, damages for
personal injuries sustained by Ali after Ali tripped on a sidewalk on August 9, 2007. The
sidewalk in question, located between 92 and 100 Jefferson Avenue in Brooklyn, was allegedly
cracked, broken and defective. After successfully moving to vacate its default in appearing in
[*2]this action, Pentecostal Evangelistic Outreach Church, Inc.
(the church), one of four defendants named in this action, filed an answer in which it denied the
material allegations and asserted affirmative defenses and a cross claim against the other
defendants.
In an order dated May 13, 2013, the Supreme Court (Arthur M. Schack, J.) granted plaintiff's
unopposed motion to, among other things, strike the church's answer for failure to comply with
two prior discovery orders, dated October 25, 2011 and January 14, 2013, and the matter was set
down for an inquest and an assessment of damages. Between September of 2013 and March of
2017, the matter was adjourned numerous times and, on March 23, 2017, it was transferred to the
Civil Court, Kings County, pursuant to CPLR 325 (d). 
In October of 2017, the church, now represented by new counsel, moved to vacate so much
of the May 13, 2013 order entered upon its default as struck its answer and set the matter down
for an inquest, arguing that its default was due to the law office failure of its former attorney. The
church argued that its former attorney violated Rules of Professional Conduct (22 NYCRR
1200.0) rule 1.9 when it did not obtain the church's informed consent to continue to represent the
church after an alleged conflict of interest and that this continued representation caused the
church to default, resulting in the answer being stricken. The motion also sought to sanction
plaintiff's attorney pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR)
§ 130-1.1 or CPLR 8303-a for maintaining a frivolous action. By order entered May 29,
2019, the Civil Court denied the church's motion. The church appeals. 
The branch of the church's motion seeking to vacate so much of the May 13, 2013 order,
entered upon its default, as struck its answer and set the matter down for an inquest was properly
denied, as the church failed to set forth a reasonable excuse for its default (see Long Is. Trust
Co. v PTI Intl. Corp. of NY, 166 AD2d 504 [1990]). The determination of what constitutes a
reasonable excuse for a default generally lies within the sound discretion of the motion court
(see Scarlett v McCarthy, 2 AD3d 623 [2003]). While, in the exercise of its discretion, a
court may accept a claim of law office failure as such an excuse (see CPLR 2005), here,
the court did not improvidently exercise its discretion in rejecting the claim of law office failure,
as the default resulted not from an isolated, inadvertent mistake, but from repeated neglect on the
part of the former attorney (see Vardaros v Zapas, 105 AD3d 1037 [2013]; Glukhman
v Bay 49th St. Condominium, LLC, 100 AD3d 594 [2012]). Moreover, where there is a
pattern of neglect, the attorney's negligence may also properly be imputed to the client (see
MRI Enters. v Amanat, 263 AD2d 530 [1999]) when there is "a serious lack of concerned
attention to the progress of [the] action" (Lauro v Cronin, 184 AD2d 837, 839
[1992]).
We note that the church did not establish that its former attorney violated Rules of
Professional Conduct (22 NYCRR 1200.0) rule 1.9 (a), as it did not represent "a client in a
matter . . . [and] thereafter represent another person in the same or a substantially related matter
in which that person's interests are materially adverse to the interests of the former client"
(Kain Dev., LLC v Krause Props., LLC, 130 AD3d 1229, 1231 [2015]).
The branch of the church's motion seeking an award of attorney's fees against plaintiff's
counsel was properly denied as the church failed to establish that plaintiff's attorneys engaged in
frivolous conduct (see Rules of Chief Admin of Cts [22 NYCRR § 130-1.1 [a];
CPLR 8303-a).
Accordingly, the order is affirmed.
ALIOTTA, P.J., GOLIA and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2022