| |
|---|
| **Re-Steel Distrib. Co., Inc. v New Major Bldg. Supply, LLC** |
| 2026 NY Slip Op 30718(U) |
| February 26, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 654919/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: __HON. ARLENE P. BLUTH__ | PART __14__ |
| *Justice* | |

-------------------------------------------------------------------------------X

RE-STEEL DISTRIBUTION COMPANY, INC.

Plaintiff,

- v -

NEW MAJOR BUILDING SUPPLY, LLC,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654919/2023 |
| MOTION DATE | 02/23/2026 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90

were read on this motion to/for        JUDGMENT - SUMMARY      .

Plaintiff's motion for summary judgment is granted in part and defendant's cross-motion to dismiss is denied.

**Background**

Plaintiff supplies rebar and rebar accessories manufactured by its parent company. It contends that it supplied such materials to defendant from 2019 until the spring of 2023. Plaintiff contends that on November 23, 2022, it contracted to supply 48,810 pounds of rebar to defendant. It alleges that it hired one of its carriers to make the delivery, which was scheduled for November 29, 2022.

Plaintiff attaches an email in which it notified defendant about the delivery that day and defendant responded, "Thank you!" (NYSCEF Doc. No. 47). Plaintiff says the delivery took place around 11:30 a.m. and that defendant signed a bill of lading in connection with this order.

654919/2023   RE-STEEL DISTRIBUTION COMPANY, INC. vs. NEW MAJOR BUILDING SUPPLY, LLC
Motion No. 002

Page 1 of 5

1 of 5

[* 1]

It argues that the GPS data from its carrier shows that a stop was made at defendant's place of business.

Plaintiff issued an invoice for $25,381.20 for the shipment that very day, November 29, 2022. It claims it sent a follow-up email in February 2023 detailing that this invoice, along with nine other invoices, were over 90 days past due and totaled over $200,000 (defendant apparently eventually paid the other invoices and only this delivery is at issue in this case). Plaintiff argues that defendant did not dispute the invoice at issue here and in an email response, defendant claimed that it would look into it (NYSCEF Doc. No. 52).

Plaintiff insists it inquired again about the status of unpaid invoices in April 2023 to no avail. It contends that defendant did not raise any dispute about the specific invoice at issue here until May 2023, nearly six months after the shipment date.

In opposition and in support of its motion to dismiss, defendant contends that the signature on the bill of lading does not match any of its employees. It argues that there are material issues of fact regarding whether or not the delivery was actually made on November 29, 2022. Defendant claims that once it found out that there was an issue with delivery for the invoice at issue in April 2023, it "promptly made [an] effort to confirm if the delivery has actually been made" (NYSCEF Doc. No. 83, ¶ 35). Defendant also argues that the Court should not dismiss its counterclaim for "a frivolous action."

Finally, defendant argues that this case should be dismissed for lack of proper service because service was effectuated on an individual who was not an employee of defendant.

In reply, plaintiff complains that certain documents raised by defendant were disclosed for the first time in opposition to its motion despite the fact that they should have been turned

654919/2023   RE-STEEL DISTRIBUTION COMPANY, INC. vs. NEW MAJOR BUILDING SUPPLY, LLC
Motion No.  002

Page 2 of 5

2 of 5

over during discovery. It insists that Mr. Roth was never disclosed as a potential witness and is now a key part of defendant's opposition.

**Discussion**

As an initial matter, the Court grants the branch of plaintiff's motion that seeks summary judgment on its account stated cause of action. "An account stated has long been defined as an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance. It is an agreement, independent of the underlying agreement, regarding the amount due on past transactions" (*Aronson Mayefsky & Sloan, LLP v Praeger*, 228 AD3d 182, 184-85, 212 NYS3d 52 [1st Dept 2024] [internal quotations and citations omitted]). "[I]nvoices seeking payment for professional services rendered, without objection within a reasonable time, gives rise to an actionable account stated, thereby entitling the plaintiff to summary judgment in its favor (*id*. at 185).

Defendant retained and did not object to the invoice, which was sent on November 29, 2022, until the middle of May 2023 (*see* NYSCEF Doc. No. 56). Waiting nearly six months is simply too long and supports a finding that plaintiff is entitled to summary judgment on its account stated claim (*Spectra Audio Research, Inc. v 60-86 Madison Ave. Dist. Mgt. Assn., Inc.,* 267 AD2d 23, 24, 699 NYS2d 360 [1st Dept 1999] [awarding summary judgment where a defendant retained bills without objection for five months).

The email communications show that plaintiff inquired about payments in February and April 2023 only for defendant to suddenly, in mid-May, raise questions about the delivery. As plaintiff aptly responded in an email after defendant started to complain, "Good to bring it up 6 months later when we send you an A/R report every 2 weeks" (NYSCEF Doc. No. 56). That is

**654919/2023   RE-STEEL DISTRIBUTION COMPANY, INC. vs. NEW MAJOR BUILDING SUPPLY, LLC**
**Motion No.  002**

**Page 3 of 5**

[* 3]

3 of 5

the exact purpose of an account stated cause of action—to discourage a recipient of goods or services from raising objections about an invoice long after the invoice is issued. Such a delay makes it exceedingly difficult to look into issues raised—here, for instance, the parties suggested they might need to look for surveillance video.

While defendant's contention that it never signed the bill of lading raised an issue of fact for plaintiff's first cause of action for breach of contract, it does not state a material issue of fact for the account stated claim. Defendant had more than enough time to raise an objection and did not.

The Court also dismisses defendant's counterclaim for a frivolous cause of action. Clearly, because plaintiff has prevailed, its claim is not frivolous. Even if plaintiff had not succeeded, this counterclaim would be dismissed. Plaintiff demonstrated that it created an invoice, that it contracted out to deliver goods and that the relevant GPS tracking information showed a truck at defendant's place of business on the date and time in question (NYSCEF Doc. No. 48). While that is not definitive proof that the rebar was delivered, it is absolutely enough evidence to show this case was not frivolous.

The Court denies the branch of defendant's motion that seeks to dismiss for lack of personal jurisdiction. CPLR 3211(e) clearly provides that this type of motion to dismiss has to be brought "within sixty days after serving the pleading." For some unexplained reason, defendant waited years after filing its answer (the answer was filed on November 14, 2023) to raise a lack of proper service. Defendant obviously waived this objection years ago.

To the extent that plaintiff demands legal fees, that request is denied as it did not cite any basis for that relief.

Accordingly, it is hereby

**654919/2023   RE-STEEL DISTRIBUTION COMPANY, INC. vs. NEW MAJOR BUILDING SUPPLY, LLC**
**Motion No.  002**

**Page 4 of 5**

4 of 5

[* 4]

ORDERED that plaintiff's motion is granted on its account stated cause of action and the Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $25,381.20 plus statutory interest from November 29, 2022; and it is further

ORDERED that defendant's counterclaim is severed and dismissed; and it is further

ORDERED that defendant's cross-motion is denied in its entirety.

| | | |
|---|---|---|
| **2/26/2026** | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | **X** CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | DENIED | GRANTED IN PART | **X** OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**654919/2023  RE-STEEL DISTRIBUTION COMPANY, INC. vs. NEW MAJOR BUILDING SUPPLY, LLC**
**Motion No.  002**

Page 5 of 5

[* 5]